**Burdell W. BREKKEN and Burdette G. Brekken, Plaintiffs-Appellants,**

**v.**

**READER'S DIGEST SPECIAL PRODUCTS, INC., a corporation, Defendant-Appellee.**

**No. 15078.**

United States Court of Appeals Seventh Circuit.

Nov. 26, 1965.

Jewell V. Burk, P. Sveinbjorn Johnson, Chicago, Ill., for appellants.

Robert S. Cushman, Chicago, Ill., for appellee, Spray, Price, Hough & Cushman, Benno P. Ludwig, Chicago, Ill., of counsel.

Before DUFFY and SWYGERT, Circuit Judges, and MERCER, District Judge.

MERCER, District Judge.

Summary judgment was entered in this suit for damages arising out of the alleged improper termination by defendant of the plaintiffs' contracts of employment. This appeal followed:

Each of the plaintiffs was employed by defendant as a regional manager pursuant to the provisions of a written, form contract executed by the parties. Each plaintiff was discharged from employment within one year after his contract had been signed.

The controversy relates to the construction of the following provisions of the contracts, to-wit:

"This agreement shall be effective from the date of execution and shall remain in effect for a period of twelve months and will be automatically renewed for twelve-month terms unless sooner terminated.

"This agreement may be terminated by either party upon written notice or by Manager's death."

Plaintiffs do not question the adequacy of the notice given if defendant had the legal right to terminate the contracts within the first year of their life.

Plaintiffs argue that the words "unless sooner terminated" apply only to renewal periods subsequent to the expiration of the initial twelve-months term, but not to the initial term. That argument is born from the contemplation of the plaintiffs' frustrated hopes, not from any tenable legal foundation.

The well established principles guilding the construction of ambiguous contract provisions are of no help to plaintiffs in the light of the plain provisions of these contracts. An employment contract for a stated term, which is expressly terminable by either party upon notice, must be recognized as a valid contract and its provisions must be given effect. Cf., Repsold v. New York Life Ins. Co., 7 Cir., 216 F.2d 479, 486; Brown v. Federal Life Ins Co., 353 Ill. 541, 545, 187 N.E. 484.

It cannot be doubted as plaintiffs assert that they expected their employment to continue for at least one year, but that was merely an expectation and not a right guaranteed by the contracts which they signed. The courts cannot rewrite the contracts which they made. Clearly the phrase "unless sooner terminated" relates to the whole sentence of which that phrase is a part. The court below correctly construed each of these contracts as being terminable at will.

Affirmed.