Nicholas BUIAN, Plaintiff-Appellant,

v.

J. L. JACOBS AND COMPANY, a partnership, and Thomas L. Jacobs and Carl Lutz, Defendants-Appellees.

No. 17666.

United States Court of Appeals, Seventh Circuit.

June 17, 1970.

Rehearing Denied July 14, 1970.

Edward Kaplan, of Kaplan & Kaplan, Chicago, Ill., for plaintiff-appellant.

Robert S. Bailey, Russell E. Q. Johnson, Howard J. De Pree, Johnson, Colmar, De Pree, Ambrose & Kelley, Chicago, Ill., for defendants-appellees.

Before FAIRCHILD and KERNER, Circuit Judges, and DOYLE, District Judge.*

KERNER, Circuit Judge.

The sole issue raised in this appeal is whether plaintiff-appellant Nicholas Buian's employment contract with defendant-appellee J. L. Jacobs and Company was for a definite duration or terminable at will. The trial court found the employment contract to be terminable at will and granted defendant's motion for summary judgment. We affirm.

On January 12, 1964, plaintiff-appellant Buian was offered a position with defendant J. L. Jacobs and Company to work on a project concerning personnel management in Saudi Arabia. Plaintiff accepted the employment and a $1,000 per month base salary was agreed upon which was later increased by an additional overseas stipend.

On January 27, 1964, plaintiff received a letter from defendant company signed by managing partner, Thomas L. Jacobs. The letter provided in pertinent part:

> I am writing to confirm your employment with our company as a Principal Associate, and your initial assignment to head up the classification and compensation phase of our personnel project for the Government of Saudi Arabia * * * your initial salary including overseas allowance for Saudi Arabia, will be $1,250 per month. * * * It is scheduled that your assignment in Saudi Arabia will continue for a period of eighteen (18) months. * * * As a regular staff associate of our company, you will participate in our regular company employment benefits. Most of these are liberalized for the Saudi Arabia assignment.
>
> It is intended that all staff associates assigned to the Saudi Arabia projects will remain in Saudi Arabia (except for vacation or other approved personal travel) throughout the duration of the specified assignments. This of course presumes satisfactory service by each associate, no interruption or cancellation of the project by the Saudi Arabia government, and continued desire by each associate to continue on the assignment.
>
> We hope to be able to continue each associate's services with the company,

---

* Chief Judge James E. Doyle is sitting by designation from the United States District Court for the Western District of Wisconsin.

but this of course must depend on the company workload and available assignments at the time.

In the event that the contract is cancelled by the client or otherwise terminated by forces beyond our control, and we are not in a position to continue an associate's services with the company, he will receive two months base salary as termination pay. In the event that the work or conduct of an associate is unsatisfactory, he may or may not receive termination pay, depending upon the circumstances of the case.

Plaintiff Buian signed and returned the letter. Approximately one month after plaintiff's arrival in Saudi Arabia, his employment was terminated.

Plaintiff contends that the letter of January 27, 1964, was a binding and valid employment contract between the parties obligating the defendants to employ the plaintiff for at least eighteen (18) months. Defendant argues that the employment contract was terminable at will by either party. Defendant moved for summary judgment on the basis that the contract was terminable at will and, therefore, contended no fact questions are raised as to whether plaintiff performed satisfactorily under the agreement. The district court granted the defendant's motion for summary judgment and from this order plaintiff appeals.

█ An employment contract not specifically intended by the parties to be any certain duration creates an employment relationship which is terminable at will by either party without cause and without liability. *See e. g.*, Atwood v. Curtiss Candy Company, 22 Ill.App.2d 369, 161 N.E.2d 355 (1959). We agree with the district court that "[t]he agreement is clear on its face that it does not guarantee any specific term of employment * * *" and, consequently, find the contract to be terminable at will.

█ Plaintiff relies on the wording of the January 27, 1964, agreement which provides that "It is scheduled that your assignment in Saudi Arabia will continue for a period of eighteen (18) months" to support his contention that the parties intended a contract of specific duration. We construe this phrase as merely one of expectation and not sufficient to insert any ambiguity into an otherwise customary employment relationship terminable at will. *Cf. Brekken v. Reader's Digest Special Products Corporation, Inc.*, 353 F.2d 505 (7th Cir. 1965). In addition, the letter of January 27 states that plaintiff would remain in Saudi Arabia throughout the duration of his specified assignment presuming:

"satisfactory service by each associate, no interruption or cancellation of the project by the Saudi Arabia government, *and continued desire by each associate to continue on the assignment.*" [Emphasis supplied]

It would indeed be an anomalous situation raising serious questions of mutuality to interpret an obligation on the part of the employer-defendant to employ the plaintiff for eighteen months and at the same time allow the employee-plaintiff to work simply as long as he desires. We find no mutuality of obligation nor sufficient consideration flowing from the employee-plaintiff to support an interpretation that the contract provided for a specific period of eighteen months. Plaintiff did not sacrifice his previous employment but merely obtained a leave of absence. In addition, the entire cost of transportation and moving expenses were paid for by the defendant company.

██ Finally, plaintiff's reliance on the tax treatment of his wages pursuant to the provisions allowing him an exclusion of the statute's withholding provisions for an employee's continuous employment outside of the territorial limits of the United States for 17 of 18 consec-

utive months,[1] is not supportive of the construction that the contract's intended duration was eighteen months. An employer may exempt an employee's wages from the withholding provisions of the statute merely on the basis of a statement by the employee that he intends to remain outside the United States for the requisite period.[2] The provisions are not conditioned on the intent of the employer and in no way indicative of that intent.

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.

FAIRCHILD, Circuit Judge (dissenting).

In my opinion, plaintiff is entitled to go to trial on the issue whether defendants made a reasonable determination that his work was unsatisfactory.

Defendants chose the language, for which they supplied the subtitle, "Duration and Termination of Assignment". It was made clear that defendants did not promise to employ plaintiff after termination of his assignment to the Saudi Arabia project, but it seems equally clear to me from the full text of this section that they provided for termination of the assignment only upon one of four eventualities: (1) unsatisfactory service or conduct by plaintiff, (2) termination of the project by forces beyond defendants' control, (3) termination at the request of plaintiff due to matters beyond plaintiff's control, and (4) voluntary termination by plaintiff. Plaintiff's right to termination pay was made to vary, depending upon which type of termination occurred.

Defendants asserted their reliance upon (1) in terminating the employment.

Although plaintiff was free to terminate at will, the personal and family disruption necessarily involved in the move to a distant country seems sufficient to prevent the contract from be-

ing illusory and to permit enforcement of defendants' promise to continue his employment for 18 months subject to one of the eventualities specified.