**SARGENT–WELCH SCIENTIFIC COMPANY, a Corporation, Plaintiff,**

v.

**Fritz J. MEHRER, an Individual, Defendant.**

**No. 82 C 6569.**

United States District Court,
N.D. Illinois, E.D.

Nov. 9, 1983.

---

**122**

Mark A. Lies II, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

Christine A. Foh, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Sargent-Welch Scientific Co. ("Sargent-Welch") sued Fritz J. Mehrer for breach of an oral employment contract and misrepresentation. Jurisdiction is asserted pursuant to 28 U.S.C. § 1332. Presently before the Court is Mehrer's motion for summary judgment. For reasons set forth below, the motion is granted.

Sargent-Welch asserts that Mehrer accepted the position of Branch Manager in Baton Rouge, Louisiana, in March, 1982, and began working about April 1, 1982. In consideration for entering into the contract, Sargent-Welch claims that it reimbursed Mehrer for moving expenses and paid a real estate sales commission charged for the sale of Mehrer's home in South Carolina. On June 21, 1982, Mehrer terminated his employment with Sargent-Welch. Sargent-Welch now seeks the costs it incurred as a result of Mehrer's alleged breach of contract; the company also claims that Mehrer misrepresented his intention to perform the contract.

The Seventh Circuit has observed that "[w]ith the ever increasing burden upon the judiciary, persuasive reasons exist for the utilization of summary judgment procedure whenever appropriate." *Kirk v. Home Indemnity Co.*, 431 F.2d 554, 560 (7th Cir.1970). Nonetheless, it is not within the province of the Court to resolve issues of disputed fact in a trial by affidavit. *Moutoux v. Gulling Auto Electric, Inc.*, 295 F.2d 573, 576 (7th Cir.1961). The basic purpose of the summary judgment procedure is to allow the Court to determine whether there are any factual disputes which require resolution by trial. "[The] party moving for summary judgment has the burden of clearly establishing the nonexistence of any genuine issue of fact that is material to a judgment in his favor." *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10 (7th Cir.1979). Any doubts as to the existence of material issues of fact must be resolved against the moving party. *Moutoux*, 295 F.2d at 576. However, while the non-moving party is entitled to all reasonable inferences that can be made in its favor from the evidence presented, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), it must affirmatively set forth specific facts by affidavit or otherwise demonstrate the existence of issues which must be decided at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). It is with these standards in mind that we consider Mehrer's motion.

■ Under Illinois law, employment contracts are generally terminable at any time by either party, with or without cause, unless the contract itself specifies a duration. *Atwood v. Curtiss Candy Co.*, 22 Ill.App.2d 369, 373, 161 N.E.2d 355, 357 (1st Dist.1959); *see also, Leach v. Lauhoff Grain Co.*, 51 Ill.App.3d 1022, 1024, 9 Ill. Dec. 634, 636, 366 N.E.2d 1145, 1147 (4th

Dist.1977). As the Seventh Circuit has observed,

> the words "terminable at will" mean largely just what they say. Such an employment relationship is intrinsically a very fragile thing, which either party may end with or without cause, and at his pleasure. The termination, then, may permissibly be for a good reason, or bad reason, or no reason at all.

*Loucks v. Star City Glass Co.*, 551 F.2d 745, 747 (7th Cir.1977) (citations omitted). *See also, Buian v. J.L. Jacobs & Co.*, 428 F.2d 531, 533 (7th Cir.1970). Thus, a crucial issue in the present case is whether the oral contract between the parties specified a term of employment. If it did not, the employment relationship was terminable at any time.

■ Mehrer asserts that there is no evidence in the record indicating that his employment contract existed for a specific duration. Sargent-Welch claims that

whether the oral agreement is for a particular length of time is a disputed material factual issue and claims that Mehrer agreed to stay with Sargent-Welch for "about a year." However, our review of the depositions of Mehrer and two of Sargent-Welch's employees involved in hiring Mehrer reveals that the oral employment contract between Mehrer and Sargent-Welch did not specify a duration.[1] All parties agreed that Mehrer could quit at any time or be fired at any time, and that no promises concerning the length of his employment with Sargent-Welch were made by either party.[2] There is no writing specifying a duration for the contract. Even if there were, Sargent-Welch might not necessarily prevail. In *Buian v. J.L. Jacobs & Co.*, 428 F.2d 531 (7th Cir.1970), the Seventh Circuit affirmed a grant of summary judgment holding an employment relationship to be at will despite the existence of a letter of confirmation from the employer declaring that "it is scheduled that your

1. The parties did not execute a written employment agreement.

2. Mehrer testified in his deposition as follows:

Q. And you indicated to Sargent-Welch that you would work for them for a substantial period of time.
A. I indicated to Sargent-Welch that I was willing to go to work for them. We had made no verbal or written agreement as to time.
Q. You certainly implied to Sargent-Welch that you were coming for more than a two-month period or three-month period.
A. I implied to them that I would come to work with them to do a job.
Q. And that that job couldn't be completed in a two or three-month period.
A. I am sure it could not.

One of Sargent-Welch's representatives, Carl E. Lineburger, testified as follows:

Q. Was there any mention at the March interview of any time period for which Mr. Mehrer could expect to be employed with Sargent-Welch?
A. No.
\* \* \* \* \* \*
Q. During any of your conversations or letters to Fritz Mehrer, was there any time period mentioned for the duration of his employment?
A. Not to my knowledge.
Q. Did you ever tell him he had a job for one year?
A. No.

Q. Did you ever tell him he had a job for two years?
A. No, I did not.
Q. Could you have fired Mr. Mehrer at any time?
A. I believe so.
Q. Could you have fired him for any reason?
A. No.
Q. Would you have fired him for cause?
A. Certainly.
Q. Did you have any expectation that Fritz Mehrer would stay at Sargent-Welch for an extended period of time?
A. I certainly believed he would stay for a period of two years.
Q. Did you believe that Mr. Mehrer could quit at any time?
A. Yes.

Excerpts from Lawrence F. Nein's deposition are set forth below:

Q. As we were discussing a potential offer, was there any mention of terms made of duration of employment?
A. We had a considerable discussion on that subject.
MS. SWIGER: I am sorry. If I may just interrupt. Are we talking about the conversation in Atlantic City?
MS. FOH: Atlantic City. That was the only time they discussed any potential offer.
BY THE WITNESS:
A. Yes, I told Mr. Mehrer that we needed a very strong effort in Baton Rouge, like a four or five year effort down there. Having had

assignment in Saudi Arabia will continue for a period of eighteen (18) months." *See also, Payne v. AHFI/Netherlands, B.V.,* 522 F.Supp. 18 (N.D.Ill.1980).

Sargent-Welch, however, points to *P.S. & E., Inc. v. Selastomer Detroit, Inc.,* 470 F.2d 125 (7th Cir.1972), for the proposition that summary judgment is inappropriate. In *P.S. & E.,* the Seventh Circuit reversed a grant of summary judgment on behalf of a principal. The plaintiff in that case, the principal's agent, sued for breach of an exclusive selling agency contract. The Court observed the general rule that contracts which do not specify duration are terminable at will by either party, *Id.* at 127–128. However, the Court went on to hold that there are limitations upon the termination of a principal-agent contract by the principal:

> In every instance, the agent shall be afforded a reasonable opportunity to avail himself of the primary expenditures and efforts put forth to the end of executing the authority conferred upon him and that, if such opportunity is denied him, the principal shall compensate him accordingly.

*Id.* at 128, *citing Fargo Glass & Paint Co. v. Globe American Corp.,* 161 F.2d 811, 813 (7th Cir.1947). We believe that the instant case is distinguishable. This is not a case where an agent has incurred expenses or devoted labor without having an opportunity to recoup its investment. Additionally, while Sargent-Welch is entitled to all reasonable inferences that can be drawn from the record, *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), we believe that Mehrer has demonstrated the absence of any material factual issues concerning the duration of his employment contract. There is simply no evidence that he promised to remain with Sargent-Welch for a particular period. *See* note 2, *supra.* As a result, Mehrer is entitled to summary judgment on the breach of contract claim.

Sargent-Welch has also sued Mehrer for misrepresentation, claiming in Count II that Mehrer falsely stated to Sargent-Welch that he intended to perform the employment contract. For a statement to constitute misrepresentation

(1) it must be a statement of material fact, as opposed to opinion;

(2) it must be untrue;

(3) the party making the statement must know or believe it to be untrue;

(4) the person to whom the statement is made must believe and rely on it, and have a right to do so;

(5) it must have been made for the purpose of inducing the other party to act; and

(6) the reliance by the person to whom the statement is made must lead to his injury.

*Mother Earth, Ltd. v. Strawberry Camel, Ltd.,* 72 Ill.App.3d 37, 48, 28 Ill.Dec. 226, 236, 390 N.E.2d 393, 403 (1st Dist.1979). While Sargent-Welch claims that Mehrer made representations concerning the temporal length of his commitment to Sargent-

---

two previous managers that bombed out on us, we didn't need to have a third.

BY MS. FOH:

Q. Did you at any time tell Mr. Mehrer that he would be employed for four or five years?

A. No.

\* \* \* \* \* \*

Q. During any of your conversations or letters to Fritz Mehrer, was any time period mentioned for the duration of his employment?

A. Did you say—

Q. Other than four or five years you mentioned before was any duration specified?

A. No. I said it was a four or five year job which needed to be done and in no way could he think about being ambitious and wanting to get—no way it could happen inside two years. He had to be there at least two years. Beyond that—

Q. Could you have fired Mr. Mehrer at any time?

A. Sure.

Q. Could he have been fired for any reason?

A. I suppose he could have been fired for any reason, yes.

Q. Could he have quit at any time?

A. Yes.

Q. Did you ever tell Mr. Mehrer that he would be working for the company for one year?

A. I did not.

Q. For two years?

A. I told him what I told you I told him.

Welch, a review of deposition evidence indicates that no such inference may reasonably be drawn. *See* note 2, *supra.* Mehrer has met his burden of showing the non-existence of any material factual issues with respect to the misrepresentation issue; neither of Sargent-Welch's employees testified that Mehrer made any statements or promises concerning the duration of his employment.[3] Mehrer is thus entitled to summary judgment on Count II as well.

Accordingly, Mehrer's motion for summary judgment is granted. It is so ordered.

---

**3.** Because we believe that Mehrer has established the absence of a promise on his part to remain employed for a specific period with Sargent-Welch, we need not address Sargent-Welch's argument that misrepresentations which are schemes to defraud are actionable notwithstanding the fact that the misrepresentation may involve a promise to perform a future act. *Brudnicki v. General Electric Co.,* 535 F.Supp. 84, 88 (N.D.Ill.1982).

Sargent-Welch's argument that promissory estoppel should apply despite the absence of a contract for a definite term also fails, since Mehrer has established the non-existence of one element of that doctrine, a promise unambiguous in terms. *Illinois Valley Asphalt, Inc. v. J.F. Edwards Construction Co.,* 90 Ill.App.3d 768, 770, 45 Ill.Dec. 876, 878, 413 N.E.2d 209, 211 (3d Dist.1980).