KENT T. JOHNSON, Plaintiff-Appellant, v. GEORGE J. BALL, INC., Defendant-Appellee.

Second District   No. 2—92—0916

Opinion filed August 9, 1993.—Rehearing denied September 24, 1993.

James L. Reichardt, of Villa Park, and Jerry P. Clousson, of Clousson & Spadoni, of Chicago, for appellant.

John J. Coffey, Kevin J. Moore, and Jonathan E. Rothschild, all of Rothschild, Barry & Myers, of Chicago for appellee.

JUSTICE QUETSCH delivered the opinion of the court:

Plaintiff, Kent Johnson, appeals the circuit court's order dismissing his first amended complaint against defendant, George J. Ball, Inc., alleging breach of an oral employment contract and fraud. Plaintiff contends that the allegations of each count are sufficient to withstand a motion to dismiss for failure to state a cause of action.

Plaintiff's complaint alleges that in December 1988 Anne Leventry-Jeffers, corporate projects manager for defendant, approached plaintiff about becoming the director of defendant's training center. At the time, plaintiff and his wife were both employed in Michigan. Plaintiff's duties would be to develop curricula for defendant's training programs, rebuild its physical facilities, employ faculty and other support personnel for the marketing and presentation of training programs, and conduct the training programs for defendant's salespersons, customers and prospective customers. The training programs were to last until 1991.

Defendant offered plaintiff a smaller salary than he was currently receiving, but guaranteed him a $25,000 bonus for his first year. Defendant also told plaintiff that several employees had been budgeted for support staff and faculty for the training programs and that a marketing budget had been established.

Plaintiff began working for defendant in January 1989. In order to accept the position, he and his wife had to quit their jobs in Michigan, sell their Michigan home, and sign a contract on a house in Illinois.

Although plaintiff began the new position, defendant failed to fill the budgeted faculty and support positions or to make expenditures for marketing. In April 1989, plaintiff informed defendant that he would resign and return to Michigan, before he became legally obligated on the contract to purchase a home in Illinois and before his Michigan home was sold.

Defendant's president, Carl Ball, and Leventry-Jeffers, assured plaintiff that it was committed to the program and would hire the support staff and market the programs, which would continue through 1991. Allegedly in reliance on these representations, plaintiff did not resign, but continued to attempt to perform his duties. He did eventually hire a part-time secretary and one faculty member, develop a curriculum for training courses, and oversee the repair of defendant's plant. Defendant refused to approve the hiring of more staff.

On October 24, 1989, defendant summarily terminated plaintiff and replaced him with an existing employee. Plaintiff received one-half of the guaranteed bonus.

Plaintiff filed his initial complaint October 22, 1991. Defendant filed a motion to dismiss. The court granted the motion on the basis that the complaint failed to allege specific facts to support the causes of action. Plaintiff then filed his first amended complaint.

Count I of the amended complaint alleged fraud. Plaintiff alleged that defendant made false representations regarding the hiring of support staff, creation of a marketing budget, and conducting of the training programs through 1991 to induce plaintiff to surrender his position in Michigan and work for defendant. Plaintiff further alleged that he relied on these representations in accepting the offer of employment and suffered a detriment in that he resigned a higher paying position, his wife quit her job, they sold their Michigan home and became committed to purchase a home in Illinois. In count II plaintiff alleged that defendant breached an oral contract to employ him at least through 1991.

Defendant also moved, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), to dismiss the amended complaint. The court again dismissed the complaint, holding that plaintiff has failed to allege that he gave adequate consideration for the promise of secure employment or that he reasonably relied to his detriment on defendant's representations.

The court initially granted plaintiff leave to further amend his complaint. Plaintiff subsequently declared his intention to stand on his first amended complaint. Consequently, on June 30, 1992, the court entered an order stating that there was no just reason to delay enforcement or appeal of its previous order dismissing the complaint. Plaintiff filed a timely notice of appeal.

Plaintiff first contends that he alleged adequate consideration for the oral employment contract for the stated term. He contends that by leaving a higher paying position, causing his wife to quit her job, selling their Michigan home, moving to Illinois and signing a contract to purchase a house in Illinois, he provided adequate consideration. In the alternative, he contends that his continuation of employment after threatening to resign and receiving further assurances from defendant's agents constituted consideration. Defendant responds that giving up one position to accept another cannot constitute consideration for an employment contract and neither can the other acts which plaintiff alleges. Defendant maintains that these activities are inherent in accepting a new job offer. Moreover, agreeing to continue working for defendant cannot constitute consideration for the alleged promise of a guaranteed term of employment, since plaintiff was at that time already obligated to work for defendant.

Defendant also makes a number of alternative contentions relative to the contract count. Defendant contends that, even assuming that consideration was adequate, plaintiff fails to allege a sufficiently definite promise of employment for a particular term. Defendant also maintains that the alleged oral contract is barred by the Statute of Frauds (740 ILCS 80/0.01 *et seq.* (West 1992)) and that plaintiff improperly seeks punitive damages in a breach of contract action. The critical question, then, is whether the trial court correctly determined that the complaint was insufficient to state a cause of action for breach of an employment contract.

In ruling on a section 2—615 motion to dismiss (735 ILCS 5/2—615 (West 1992)), the court must accept as true all well-pleaded facts and all reasonable inferences which can be drawn therefrom. (*Kolegas v. Heftel Broadcasting Corp.* (1992), 154 Ill. 2d 1, 8-9; *Geick v. Kay* (1992), 236 Ill. App. 3d 868, 873.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved which would entitle the party to relief. (*Campbell v. A.C. Equipment Services Corp.* (1993), 242 Ill. App. 3d 707, 711; *Geick*, 236 Ill. App. 3d at 873.) In making this determination, the court is to interpret the allegations of the complaint in the light most favorable to the plaintiff. (*Kolegas*, 154 Ill. 2d at 9; *Camp-*

*bell,* 242 Ill. App. 3d at 711.) The complaint must be liberally construed with a view to doing substantial justice between the parties. 735 ILCS 5/2—603(c) (West 1992).

In general, an employment contract is terminable at will by either party unless the contract itself specifies a different durational term. (*Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 489; *Jago v. Miller Fluid Power Corp.* (1993), 245 Ill. App. 3d 876, 878.) A hiring at a monthly or annual salary, if no duration is specified, is considered to be at will. *Jago,* 245 Ill. App. 3d at 879; *Owens v. Second Baptist Church* (1987), 163 Ill. App. 3d 442, 445-46.

Plaintiff's complaint alleges that his job duties, as described by Leventry-Jeffers and confirmed by Ball, were to develop curricula and conduct professional seminars "through 1991." Plaintiff alleges that he was to be employed at an annual salary of $75,000 and would receive a $25,000 bonus at the end of the first year.

Curiously, plaintiff devotes much of his brief to his contention that he gave adequate consideration in return for the promise of employment through 1991. Plaintiff briefly asserts that the allegations described above establish the parties' intention to enter into an employment contract through the end of 1991. The latter is the critical assertion, since if there was no promise to employ plaintiff through 1991, he could not give consideration for it.

■■ We hold that, when liberally construed and viewed in the light most favorable to plaintiff, the complaint's allegations are sufficient to state a cause of action for breach of an oral contract to employ plaintiff through 1991. Taking as true all the well-pleaded facts, it appears that the parties contemplated that plaintiff would be hired for the duration of the project. The parties contemplated a considerable investment of time in developing and initially presenting the training programs and expected plaintiff to supervise the entire process. Although not of themselves conclusive, the references to an annual salary and bonus further buttress this conclusion. (See *Miller v. Community Discount Centers, Inc.* (1967), 83 Ill. App. 2d 439; see also *Berutti v. Dierks Foods, Inc.* (1986), 145 Ill. App. 3d 931 (contract referred to guaranteed salary for 12 months).) The allegations concerning the employment of support staff and the development of a marketing budget add further credence to the conclusion that the parties intended a substantial undertaking with plaintiff at its head.

Defendant relies on Federal cases in which it was held that statements that an assignment was "expected" or "scheduled" to last for a given length of time were mere statements of expectancy and did not create contractual obligations. (*Buian v. J.L. Jacobs & Co.* (7th

Cir. 1970), 428 F.2d 531; *Payne v. A F H I/Netherlands, B.V.* (N.D. Ill. 1980), 522 F. Supp. 18.) Those cases, however, are distinguishable. In both cases, which involved written contracts for overseas postings, the contracts contained detailed lists of conditions which could cause the positions to be terminated prior to the scheduled completion date. (*Buian*, 428 F.2d at 533; *Payne*, 522 F. Supp. at 23.) No such conditions are alleged in the instant complaint.

■ Furthermore, we agree that plaintiff alleged adequate consideration for the promise of employment through 1991. Mutual consideration, of course, is an essential element of a contract. (*Harris v. Johnson* (1991), 218 Ill. App. 3d 588, 592.) Generally, any act or promise which is of benefit to one party or disadvantage to the other constitutes sufficient consideration to support a contract. *Harris*, 218 Ill. App. 3d at 592-93.

Some courts have required a plaintiff pleading a contract of a specified duration to establish the existence of additional consideration beyond plaintiff's relinquishing of other job opportunities to come to work for defendant. Refusing other employment is inherent in accepting any job offer, including a hiring at will, and some courts thus have required additional consideration for the promise of permanency. (*Koch v. Illinois Power Co.* (1988), 175 Ill. App. 3d 248, 253; *Ladesic v. Servomation Corp.* (1986), 140 Ill. App. 3d 489.) Other courts, however, have rejected this position, holding that if the parties' intention to establish a contract for a given term is clear, there is no requirement of "additional consideration" beyond the employee's promise to work for the employer. (*Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 602; *Lamaster v. Chicago & Northeast Illinois District Council of Carpenters Apprentice & Trainee Program* (N.D. Ill. 1991), 766 F. Supp. 1497.) We need not resolve this apparent split of authority in the present case, since we find that the consideration was sufficient in any case.

Plaintiff alleges that defendant initially contacted him about coming to work for it. Plaintiff and his wife were then employed in and living in Michigan. To accept defendant's offer, plaintiff resigned a higher paying position. His wife also left her job in Michigan, and the parties had to forego this additional income as well. Plaintiff and his wife sold their home in Michigan and became obligated to purchase a home in Du Page County, Illinois. All of this represents more than simply quitting another job to come to work for defendant.

In *Molitor v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 124, defendant specifically requested plaintiff to give up his law practice in New York and move to Chicago in exchange for "permanent employ-

ment" with defendant. The appellate court held that this evidence supported the jury's verdict that defendant breached the contract. *Molitor*, 325 Ill. App. at 131-32.

In *Lamaster*, in exchange for the program director's promise that plaintiff would hold the position "as long as he wished to do so," plaintiff left his old job, passing up a substantial promotion. (*Lamaster*, 766 F. Supp. at 1498.) The court held that consideration may be found where the plaintiff relinquishes another job and where this is specifically bargained for. (766 F. Supp. at 1503.) Thus, we find plaintiff's allegations that defendant specifically requested him to move to Illinois, necessarily giving up his former job, to work for defendant adequate to establish consideration for the promise of employment through 1991.

■ Defendant further contends, however, that the oral employment contract is barred by the Statute of Frauds. The statute prohibits a party from relying on an oral contract which cannot be performed within one year. (740 ILCS 80/1 (West 1992).) However, the Statute of Frauds does not bar the enforcement of an oral contract where there has been part performance by one party in reliance on the promise of the other. (*Davies v. Martel Laboratory Services, Inc.* (1989), 189 Ill. App. 3d 694, 698.) Moreover, allegations of fraud may estop a party from relying on the statute. As discussed more fully below, plaintiff alleges that defendant fraudulently misrepresented the nature of the position it was offering plaintiff. This conduct negates the application of the Statute of Frauds. (See *Sinclair v. Sullivan Chevrolet Co.* (1964), 31 Ill. 2d 507, 510.) The court therefore erred in dismissing plaintiff's count II alleging breach of an oral employment contract.

Plaintiff further contends that the court erred in dismissing his count I alleging fraudulent misrepresentation. The complaint alleges a number of misrepresentations by defendants. Plaintiff alleges that defendant falsely stated that plaintiff would conduct the seminars through 1991. Plaintiff alleges that defendant knew this statement was false at the time it was made, that defendant never intended to employ plaintiff through 1991. Rather, defendant intended to induce plaintiff to accept the position with an offer of at least two years' employment, utilize his talents to develop the programs, then replace him with a less highly paid employee.

Plaintiff also alleges that defendant falsely represented that it had budgeted amounts for hiring support staff and for marketing the programs. Plaintiff alleges that when he threatened to resign and return to Michigan, defendant reaffirmed these misrepresentations.

To plead a legally sufficient fraud action, plaintiff must allege that (1) defendant made a statement; (2) of a material nature; (3) which was untrue; and (4) was known by defendant to be untrue, or was made in culpable ignorance of its truth or falsity; (5) was made for the purpose of inducing reliance by the plaintiff; (6) was actually relied on by the plaintiff; and (7) resulted in plaintiff's injury. *Bank of Northern Illinois v. Nugent* (1991), 223 Ill. App. 3d 1, 9.

■ Defendant initially contends that plaintiff failed to establish the final element listed above, namely, that he suffered any cognizable injury in reliance on defendant's statements. Plaintiff responds that he did rely on defendant's statements to his detriment by accepting the employment offer. The detriment which plaintiff allegedly suffered is essentially the same as the consideration for the alleged contract discussed above. The parties again dispute whether these elements—leaving a higher paying job in Michigan, selling the family home in that State, and becoming obligated to purchase a new home in Illinois—constitute sufficient "detriment." Under the facts of this case, we see no reason to distinguish between consideration for a contract, which can consist of any detriment to a party, and reliance in a fraud context. (See *Davies v. Martell Laboratory Services, Inc.* (1989), 189 Ill. App. 3d 694, 697.) Thus, the conduct which may be sufficient consideration for a contract may also be sufficient "detriment" to support a finding of reliance in the fraud context. We reiterate that we presently determine only the sufficiency of the complaint to state one or more causes of action. Whether a contract was actually formed and whether plaintiff actually relied to his detriment on any false statements by defendant are questions for the trier of fact.

Having determined that plaintiff adequately alleges detrimental reliance, we return to the question whether plaintiff adequately alleges fraudulent misrepresentations by defendant. Defendant makes two separate contentions regarding the sufficiency of these allegations. First, it contends that plaintiff's allegations of fraud are merely an attempt impermissibly to recast his contract claim as a tort. Alternatively, defendant maintains that if plaintiff is allowed to plead a separate tort action, the allegations are still insufficient because the misrepresentations relate solely to future conduct and that such "promissory fraud" is not actionable in Illinois.

■ Generally, a party may not recover in tort for what is essentially a breach of contract. (See *Masters v. Central Illinois Electric & Gas Co.* (1955), 7 Ill. App. 2d 348, 369.) However, a well-recognized exception exists where the fraud vitiates the making of the contract itself, in other words, where the plaintiff is fraudulently induced to

enter into the contract in the first place. Plaintiff's complaint may fairly be read as alleging that he would not have entered into the contract with defendant but for the misrepresentations. There is thus no bar to plaintiff maintaining a separate cause of action based on fraud in the inducement.

A number of courts in other jurisdictions have recently sustained causes of action for fraud based on facts extremely similar to those of this case. In *Pearson v. Simmonds Precision Products, Inc.* (Vt. 1993), 624 A.2d 1134, for example, defendant enticed plaintiff to move to Vermont and work for defendant on a defense contract related to the B-2 bomber. Plaintiff expressed concern about his job security, but defendant assured him that he was not being hired solely for the B-2 project. Defendant represented that only 40% of its work consisted of military contracts and that there would be work available for plaintiff if the B-2 project fell through. In fact, defendant knew that plaintiff had been hired solely to work on the bomber project. Shortly after plaintiff was hired, the project was curtailed and defendant laid off plaintiff. The Vermont Supreme Court affirmed a jury verdict for plaintiff, holding that the jury could have found that defendant's misrepresentations induced plaintiff to move to Vermont and accept the job with defendant. *Pearson*, 624 A.2d at 1136-37.

In *Stewart v. Jackson & Nash* (2d Cir. 1992), 976 F.2d 86, the court found fraud in the inducement where defendant persuaded plaintiff to leave her job with another law firm by misrepresenting that it had obtained a major environmental law client, that it was in the process of establishing an environmental law department, and that plaintiff would head the department. In *Hanks v. Hubbard Broadcasting, Inc.* (Minn. App. 1992), 493 N.W.2d 302, the court first held that extra-contract damages were appropriate where there is an independent tort. The court affirmed a jury finding of fraud where defendant persuaded plaintiff, a news anchorwoman, to bypass other opportunities by misrepresenting that it had planned a massive promotional campaign for her and that her reduction in status on the newscasts was only temporary while defendant introduced her new co-anchor to the market.

The United States Court of Appeals for the Seventh Circuit recently considered a similar situation which arose under Illinois law. In *Bower v. Jones* (7th Cir. 1992), 978 F.2d 1004, defendant induced plaintiff to leave his present job and become the editor of a magazine called *Fidelity* by promising him a written contract and a percentage of advertising and subscription revenues. Defendant had plaintiff assist in preparing a grant application, then promptly terminated him.

The court apparently recognized that plaintiff's complaint stated a cause of action for fraud, but nonetheless affirmed summary judgment for defendant. Plaintiff did not prove that he failed to receive his share of revenues during his employment. Regarding the promise of a written contract, which was not kept, the court found that plaintiff failed to prove that defendant did not intend to keep the promise at the time it was made. (*Bower*, 978 F.2d at 1012.) Plaintiff's allegations in the instant case are similar to those of *Bower* and the other cases mentioned.

■ Defendant next contends that plaintiff's allegations of misrepresentations relate solely to promises of future conduct or predictions concerning future events, which are not actionable in Illinois. However, plaintiff alleges that defendant stated that amounts *had* been budgeted for faculty and support staff and that amounts *had* been budgeted for marketing. These are allegations of presently existing facts, not promises of some future action.

Moreover, an exception to the prohibition of promissory fraud exists where the misrepresentations are part of a scheme to defraud. (*Pepper v. Marks* (1988), 168 Ill. App. 3d 253; *Bower*, 978 F.2d at 1011-12.) In this case, plaintiff alleges that defendant's representation that plaintiff would supervise presentation of training programs through 1991 was part of a scheme to induce him to leave his previous position, accept defendant's job, develop the programs, and then replace him with a cheaper employee. Plaintiff alleges that defendant made this statement with the present intention of not complying with it. These allegations are adequate to demonstrate a scheme to defraud. *Bower*, 978 F.2d at 1011-12; see also *Pearson*, 624 A.2d at 1136-37; *Stewart*, 976 F.2d at 90.

■ Defendant also contends that plaintiff's complaint improperly sought punitive damages in both counts. Generally, punitive damages are not available in a breach of contract action. (*Morrow v. L.A. Goldschmidt Associates, Inc.* (1986), 112 Ill. 2d 87, 94.) However, plaintiff's complaint does not seek punitive damages in the breach of contract count.

Defendant also contends that plaintiff improperly seeks punitive damages in the fraud count. In order to recover punitive damages, plaintiff must plead and prove an independent tort and must show that the misconduct is above and beyond that which is the basis of the action. (*Knierim v. Izzo* (1961), 22 Ill. 2d 73, 87-88; *Parsons v. Winter* (1986), 142 Ill. App. 3d 354, 361.) Even where fraud is proved, punitive damages may be allowed only if aggravating circumstances are specifically pleaded and proved. (*Beaton & Associates, Ltd. v. Joslyn*

*Manufacturing & Supply Co.* (1987), 159 Ill. App. 3d 834, 846.) Because the trial court found that the complaint failed to state a cause of action, the court never considered whether plaintiff adequately pled punitive damages. On remand, the court should consider this question.

Plaintiff's allegations of a breach of contract and of fraud were sufficient to survive a motion to dismiss. The court thus erred in dismissing the complaint.

For the foregoing reasons, the judgment of the circuit court of Du Page County dismissing plaintiff's first amended complaint is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BOWMAN and COLWELL, JJ., concur.