**Reese L. GOWENS, Plaintiff,**

v.

**DYNCORP, Defendant.**

**Civ.A. No. 99–1771 SSH.**

United States District Court, District of Columbia.

Feb. 16, 2001.

Daniel J. Henry, Falls Church, VA, for plaintiff.

Steven W. Ray, Ray & Isler, Vienna, VA, for defendant.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

■ Before the Court are defendant DynCorp's motion to dismiss, plaintiff's opposition, and DynCorp's reply thereto. Upon consideration of the entire record, the Court grants the motion. Although findings of fact and conclusions of law are unnecessary on dispositions of motions under Rule 12 or 56, *see* Fed.R.Civ.P. 52(a); *Summers v. Department of Justice*, 140 F.3d 1077, 1079–80 (D.C.Cir.1998), the Court nonetheless sets forth its reasoning.

### Background

DynCorp entered into a contract with the federal government to provide aerospace technology and servicing to the federal government. On March 12, 1996, plaintiff was hired by DynCorp to provide work under this contract as a General Aircraft Mechanic at the U.S. Air Base in Wiesbaden, Germany. Plaintiff entered into an employment contract with DynCorp on March 15, 1996, which established a per diem providing reimbursement for expenses incurred in living away from home. During plaintiff's employment interview on or about March 1, 1996, he was told that he would not be entitled to the per diem compensation because his wife was in the military, and a military regulation prohibited paying him a per diem. During his employment with DynCorp, most of his assigned work sites were more than fifty miles from his residence. Plaintiff requested the per diem, but was denied. In or about early March of 1998, plaintiff was assigned to work about 150 miles from his residence, which would have required a drive of nearly two and one-half

hours each way and a cost of $100 for gasoline each week. Because it was economically and physically infeasible for plaintiff to comply with this assignment, plaintiff alleges that he was constructively discharged at that time. He contends that defendant constructively discharged him because of complaints he made regarding the per diem compensation. On July 30, 1999, plaintiff filed the instant action alleging four counts: (1) breach of the implied covenant of good faith and fair dealing in plaintiff's employment contract, (2) fraud, (3) breach of his employment contract with respect to payment of per diem compensation, and (4) constructive discharge.[1]

DynCorp moves to: (1) dismiss the complaint for lack of personal jurisdiction; (2) dismiss the claim for breach of implied covenant of good faith and fair dealing because it is barred by the statute of limitations; (3) dismiss the claim for fraud for untimeliness and failure to state a prima facie case; (4) dismiss the breach of contract claim because it is barred by the statute of limitations, does not allege a promise to pay per diem compensation, and does not apply for an at-will employee; and (5) dismiss the constructive discharge claim because no such claim is recognized under District of Columbia law for an at-will employee.

### Analysis

#### I. Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994); *accord Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint is construed liberally in plaintiffs' favor, and plaintiffs are given the benefit

---

**1.** It is unclear from plaintiff's complaint what remedy he seeks in Count IV, as the Court's copy of the complaint ends with ¶ 25, then continues with ¶¶ 20–21 repeated from Count III.

of all inferences that can be derived from the facts alleged. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C.Cir.1997); *Tele–Communications of Key West, Inc. v. United States*, 757 F.2d 1330, 1334–35 (D.C.Cir.1985). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276. "Because a court can fully resolve any purely legal question on a motion to dismiss, there is no inherent barrier to reaching the merits at the 12(b)(6) stage." *Marshall Co. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C.Cir.1993).[2]

## II. Personal jurisdiction

DynCorp alleges that the Court lacks personal jurisdiction over it. Plaintiff is a resident of Michigan; DynCorp is incorporated in Delaware and has its principal place of business in Virginia; DynCorp executed the service contract with the federal government in Texas; and the services were to provided entirely in Germany. All of the actions that give rise to plaintiff's claims occurred in Germany, and the claims do not arise out of DynCorp's business transactions in the District of Columbia.

■ Where an issue of personal jurisdiction is raised, "[t]he burden is on the plaintiff to establish that this Court has personal jurisdiction over defendants and allege specific facts upon which personal jurisdiction may be based." *Blumenthal v. Drudge*, 992 F.Supp. 44, 53 (D.D.C. 1998). Plaintiff alleges that the Court may obtain personal jurisdiction over DynCorp on the basis of either the D.C. long-arm statute, D.C.Code § 13–423(b), for transacting business in the District of Columbia,

or the District of Columbia's general jurisdiction statute, D.C.Code § 13–334.

■ The Court finds that plaintiff has not met his burden as to either "specific" (under the long-arm statute) or general jurisdiction. To obtain personal jurisdiction over a non-resident defendant under the "transacting business" provision of the long-arm statute, a plaintiff must assert three elements with specificity:

> First, the non-resident defendant must have "transacted business" within the district. Second, the contact must give rise to the claim. Third, the assertion must be consistent with due process considerations.... D.C.Code Ann. § 13–423(b) requires a significant connection between the claim and alleged contact with the forum.

*World Wide Minerals Ltd. v. Republic of Kazakhstahn*, 116 F.Supp.2d 98, 106 (D.D.C.2000).

■ DynCorp admits that it has transacted business within the district, which satisfies the first element. As to whether the claims arise out of DynCorp's service contract with the federal government, plaintiff asserts that his employment contract states that: (1) the employment contract is conditioned upon continuation of DynCorp's contract with the federal government; (2) plaintiff is subject to the law and regulations of the United States, in particular the Department of Defense; (3) plaintiff acknowledges that DynCorp and the United States are not obligated to transport or secure entry for his family; and (4) DynCorp may discharge plaintiff for failure to satisfactorily perform his duties under the employment agreement in an acceptable manner as specified by DynCorp and the United States government. These purported reasons do not persuade

---

2. Although defendant attaches exhibits to its motion to dismiss and reply, and plaintiff similarly attaches exhibits to its opposition, the Court does not deem it appropriate to convert the motion to a motion for summary judgment, because it does not rely on any of the exhibits other than the employment contract, which is referred to in the complaint and forms the basis for plaintiff's claims. Neither party seeks to convert the motion to dismiss into a summary judgment motion.

the Court that plaintiff's claims—that a DynCorp official fraudulently represented to him his ability to receive a per diem, breached the contract and the implied duty of good faith and fair dealing by denying him per diem compensation, and wrongfully discharged him—have a significant connection to the contract to perform aerospace services that DynCorp executed with the federal government.

The Court is further convinced not to assert personal jurisdiction over DynCorp in this case given due process concerns: none of the events giving rise to plaintiff's claims occurred in the District of Columbia, the contract between DynCorp and the federal government was executed in Texas, and the division of DynCorp which is responsible for plaintiff's employment has its corporate offices in Texas.

■ The Court also finds that personal jurisdiction cannot be based on D.C.Code § 13–334, the general jurisdiction statute. That statute provides:

(a) In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District, and that service is effectual to bring the corporation before the court.

(b) When a foreign corporation transacts business in the District without having a place of business or resident agent therein, service upon any officer or agent or employee of the corporation in the District is effectual as to actions growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the District.

While DynCorp may have admitted doing business in the District, service has not been properly accomplished in this case. Plaintiff served DynCorp at its headquarters in Virginia, not the District of Columbia. Such service does not meet the requirements of D.C.Code § 13–334. *See Reese v. Geneva Enterprises, Inc.* 1997 WL 214864 (D.D.C.1997); *Everett v. Nissan Motor Corp.*, 628 A.2d 106, 108 (D.C. 1993). The complaint must be dismissed for lack of personal jurisdiction.

■ Even if personal jurisdiction were present, the Court would dismiss the various counts in plaintiff's complaint. The Court finds that although plaintiff had a written "employment agreement" that indicated that the term of the agreement was for a period of 36 months, the relationship was in fact an at-will employment. The contract clearly states that "DynCorp may at any time during the term of this Agreement discharge the undersigned for cause" for a number of enumerated reasons; that plaintiff could voluntarily terminate his employment by giving two weeks advance notice; and "[t]he term of this Agreement shall be for a period of 36 mths . . . or such lesser period as shall be determined by DynCorp at its sole discretion." *See Johnson v. George J. Ball, Inc.*, 248 Ill.App.3d 859, 187 Ill.Dec. 634, 617 N.E.2d 1355, 1359 (1993) (distinguishing the contract in that case from two other cases, *Buian v. J.L. Jacobs & Co.*, 428 F.2d 531 (7th Cir.1970), and *Payne v. AHFI/Netherlands*, 522 F.Supp. 18 (N.D.Ill.1980), where those cases "involved written contracts for overseas postings, the contracts contained detailed lists of conditions which could cause the positions to be terminated prior to the scheduled completion date.") Because the employment was in fact at-will, the Court would dismiss the breach of the implied covenant of good faith and fair dealing, the breach of contract, and wrongful discharge claims, as District of Columbia law does not afford potential relief to plaintiff. The Court also would dismiss the fraud claim, because plaintiff has not alleged sufficient facts that DynCorp's representation about his ability to receive per diem pay was in fact false. DynCorp in-

sists that it is true that plaintiff could not receive per diem compensation because his wife is a member of the military, as was required by the service contract executed between DynCorp and the federal government. His bald allegation that defendant paid other similarly situated employees does not suffice to establish that DynCorp's representation was false.

### Conclusion

Based on the foregoing, the Court grants defendant's motion to dismiss, and dismisses plaintiff's complaint.