**OIL EXPRESS NATIONAL, INC., Plaintiff,**

v.

**Stan J. LATOS, et al., Defendants.**

**No. 96 C 4815.**

United States District Court, N.D. Illinois, Eastern Division.

May 5, 1997.

Robert M. Ward, Thomas A. Belush, Robert James Depke, Joseph P. Reagen, Hill, Steadman & Simpson, Chicago, IL, for Plaintiff.

Donald B. Levine, Brian Ira Tanenbaum, Levin & Ginsburg, Ltd., Chicago, IL, Robert M. Einhorn, Robert Zarco, Robert Francis Salkowski, Zarco & Assoc., P.A., Miami, FL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Oil Express, franchises stores that provide quick oil change services. It filed suit alleging various federal and state law claims relating to franchise agreements with some of its franchisees and their use of Oil Express' service marks. The defendants, various franchisees, filed counterclaims against Oil Express alleging several state law causes of action. Oil Express moves to dismiss some of these counterclaims for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). More specifically, Oil Express seeks dismissal of Counterclaim III (breach of fiduciary duty), Counterclaim IV (equitable accounting) and Counterclaim V (breach of third-party beneficiary contract). For the following reasons, the motion is granted in part and denied in part.

### Breach of Fiduciary Duty

Count III of the Counterclaim alleges that Oil Express breached its fiduciary duty by failing to properly segregate, administer and maintain an advertising account to which the defendants contributed. The defendants claim that Oil Express used some of these funds for its own expenses rather than for their designated use for national and regional advertising. Oil Express argues that the defendants' claim for breach of fiduciary duty must fail because no fiduciary duty exists

between a franchisor and a franchisee. The defendants claim that the their relationship with Oil Express and the specific facts of this case support the imposition of a fiduciary duty on Oil Express. I do not agree with the defendants' position, and therefore Counterclaim III will be dismissed.

Generally, a contract does not create a fiduciary relationship between the parties to that contract. *Murphy v. White Hen Pantry Co.,* 691 F.2d 350, 354 (7th Cir.1982). See also *Carey Elec. Contracting, Inc. v. First Nat'l Bank of Elgin,* 74 Ill.App.3d 233, 30 Ill.Dec. 104, 108, 392 N.E.2d 759, 763 (2d Dist.1979) ("Normal trust between friends or businesses, plus a slightly dominant business position, do not operate to turn a formal, contractual relationship into a confidential or fiduciary relationship."). Certain factual circumstances, however, may transform an ordinary contractual relationship into a fiduciary one where "one party reposes trust and confidence in another who thereby gains a resulting influence and superiority over the first." *In Re Estate of Wernick,* 151 Ill. App.3d 234, 104 Ill.Dec. 486, 493, 502 N.E.2d 1146, 1153 (1st Dist.1986), *aff'd in relevant part,* 127 Ill.2d 61, 129 Ill.Dec. 111, 535 N.E.2d 876 (1989). The factors that may give rise to a fiduciary relationship in the business context include the degree of business experience between the parties and the "extent to which the allegedly subservient party entrusts the handling of his business and financial affairs to the other [party]. . . ." *Id.*

The defendants have not alleged any facts that would elevate their relationship with Oil Express to the higher fiduciary standard. The defendants have not pointed to anything in the pleadings that would show that Oil Express had much greater business experience than they did or that Oil Express was entrusted with a significant amount of the defendants' business and financial affairs. Although Oil Express was responsible for administering and maintaining a separate fund for regional and national advertising, the obligations of the parties with respect to this fund were clearly delineated in the franchise agreements. The defendants were

obliged to contribute a percentage of their gross sales to the fund for advertising purposes, and Oil Express was responsible for providing an annual statement detailing the amount of contributions and expenditures as well as the nature of those expenditures. Complaint, Exh. A ¶ 14. Given these contractual terms, the defendants' claim for breach of fiduciary duty rests on the mere trust it placed in Oil Express to fulfill its contractual duties. This is not enough to create a fiduciary duty. *See Carey*, 30 Ill. Dec. at 109, 392 N.E.2d at 764. In this District, Judge Kocoras also has dismissed a claim for breach of fiduciary duty involving identical facts, the identical plaintiff and similarly situated defendants. *See Oil Express Nat'l, Inc. v. Burgstone*, 958 F.Supp. 366, 370–71 (N.D.Ill.1997). I find his reasoning persuasive as well. Accordingly, Count III of the Counterclaim will be dismissed with prejudice.

## Equitable Accounting

In Count IV, the defendants seek an equitable accounting of the advertising fund which they allege was mishandled and misused by Oil Express. A claim for an equitable accounting may be maintained only in "the absence of an adequate remedy at law." *Dairy Queen v. Wood*, 369 U.S. 469, 478, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962). If an adequate remedy at law exists for a given claim, the party seeking an equitable accounting must demonstrate that the " 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can unravel them." *Id.* (footnote omitted).

The defendants have failed to allege that an adequate remedy at law does not exist for their claim of mishandling and misuse of the funds. Indeed, the defendants are pursuing a legal remedy, a breach of contract action, in Count I of the Counterclaim based on Oil Express' actions with respect to the funds. Furthermore, the defendants have not alleged that the parties' transactions are so complicated that only a court can understand them. In their Counterclaim, the defendants simply make the bald assertion that an expert is needed to review the records of the advertising fund because the amount of

money deposited may exceed $2 million and numerous deposit, credit and debit entries have been made since the fund was created in 1990. Counterclaim ¶ 52. Based on similar allegations, Judge Kocoras dismissed a claim for an equitable accounting because the counter-plaintiffs' allegations did not establish that "an examination of the fund is an exercise which the average person could not accomplish, and they do not meet the standards of *Dairy Queen*." *Oil Express*, 958 F.Supp. at 371. The need to examine Oil Express' business records is not a sufficient justification for an equitable accounting, and therefore Count IV will be dismissed. *See Zell v. Jacoby–Bender, Inc.*, 542 F.2d 34, 36 (7th Cir.1976).

## Breach of Third–Party Beneficiary Contract

The defendants further contend in Count V that Oil Express breached a third-party beneficiary contract between Oil Express and Citgo Petroleum Corporation ("Citgo"). That contract created a supply channel between Citgo and Oil Express franchisees in which Citgo provided petroleum lubrication products for use in the franchisees' stores. Citgo–Oil Express Agreement, Plaintiff's Memorandum in Support of Motion to Dismiss, Exh. K ¶ 2. The agreement also called for Citgo to contribute a set amount of its sales of these lubricants to an Oil Express advertising fund which was to be maintained as a separate account by Oil Express. *Id.* ¶ 10(a)-(b), Exh. D. This advertising fund was to "be used by Oil Express for payment of advertising services performed on behalf of Oil Express or its franchisees." *Id.* ¶ 10(b).

The defendants claim that Oil Express breached its agreement with Citgo by failing to deposit all of the monies contributed by Citgo into a segregated account and by not using the contributions for advertising that would have benefitted the defendants as well as other Oil Express franchisees. Oil Express maintains that the defendants are not third-party beneficiaries to the contract. In the alternative, Oil Express contends that the defendants are merely incidental rather than direct beneficiaries, and hence they do not have a right to sue on the contract.

 Under Illinois law, a nonparty to a contract may be a third-party beneficiary of that contract if "the contracting parties intended to confer a benefit upon a nonparty to their agreement." *XL Disposal Corp. v. John Sexton Contractors Co.*, 168 Ill.2d 355, 213 Ill.Dec. 665, 669, 659 N.E.2d 1312, 1316 (1995). In order to determine the contracting parties' intent, I must look to the contract itself and the surrounding circumstances. *Id.* (citation omitted). In this case, I need not look beyond the language of the Citgo–Oil Express agreement. As noted above, the contract states that the funds contributed by Citgo are to be used by Oil Express for "advertising services performed *on behalf of Oil Express or its franchisees.*" Citgo–Oil Express Agreement ¶ 10(b) (emphasis added). The contract clearly specifies that Oil Express' franchisees, including the defendants, are to be beneficiaries of advertising from the monies contributed by Citgo.[1] *See Oil Express*, 958 F.Supp. at 372–73. Hence, the defendants are third-party beneficiaries to the contract.

In addition, the defendants are direct, as opposed to incidental, third-party beneficiaries to the Oil Express–Citgo agreement. As Judge Kocoras held on this same issue, "[f]ranchisees of Oil Express are the clear beneficiaries of such advertising, and they are consequently direct beneficiaries under the Citgo–Oil Express agreement." *Id.* Accordingly, the defendants have stated a claim in Count V of the Counterclaim, and it will not be dismissed.

### Conclusion

Oil Express' motion to dismiss is granted with respect to Counts III and IV of the Counterclaim. Count III is dismissed with prejudice, but Count IV is dismissed without prejudice. Oil Express' motion to dismiss

Count V of the Counterclaim, however, is denied.

---

1. Oil Express' argument that the defendants never actually used Citgo products and therefore should not benefit from any of the contributed amounts is not well-taken. Contrary to Oil Express' argument, the contract does not limit the use of the advertising funds expressly to participating franchisees. On a motion to dismiss, I must construe the complaint's allegations and draw all reasonable inferences in the light most favorable to the plaintiff, or in this case, the counter-plaintiff. *See Ross v. Creighton Univ.*, 957 F.2d 410, 411 (7th Cir.1992). Given this standard, I cannot adopt Oil Express' interpretation of the contract. Moreover, its argument is better directed to the merits of the defendants' claim rather than the sufficiency of its pleading.