THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* NEIL F. HARTI-GAN, Attorney General, Plaintiff-Appellant, v. CANDY CLUB *et al.*, Defendants-Appellees.

First District (1st Division) No. 85—2477

Opinion filed November 10, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Floyd D. Perkins and Matthew D. Shapiro, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Morrison & Kamins, P.C., of Chicago (Sidney E. Morrison, Clive D. Kamins, and Jeffrey T. Saltz, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, the People of the State of Illinois, brought an action against defendants, the Candy Club, an Illinois not-for-profit corporation, and George Rubenstein, as executor of the estate of Sidney Finzelber. Finzelber was the manager and operator of the Candy Club. The State sought to obtain an accounting of the assets of the Candy Club which were allegedly converted by the decedent and to compel

their distribution to charity or the State. The State further sought to impose a constructive trust on the assets of the Finzelber estate. The executor, Rubenstein, filed a motion to dismiss, which was granted by the trial court. The State now appeals, contending that (1) its complaint contained sufficient facts to state a cause of action both for an accounting and for the imposition of a construction trust, and (2) the Illinois Attorney General has standing to maintain this action.

The State's complaint alleged that the Candy Club fraudulently violated its not-for-profit corporate charter (Ill. Rev. Stat. 1983, ch. 32, par. 163a49) by operating as a for-profit X-rated dance show and nude fashion show charging a fee to members of the public entering the premises and collecting revenue between 1978 and 1984 in excess of $200,000. The complaint charged that Finzelber, as manager and operator, controlled the affairs of the Candy Club and collected the monies earned and converted the funds to his personal use. The complaint requested the court to enjoin and dissolve the Candy Club, order an accounting of the Club's funds, and order a liquidation and distribution of the assets of the corporation to charity or the State since the corporation was operating as a for-profit corporation in violation of its charter. The complaint sought to compel Rubenstein as executor of the Finzelber's estate to turn over the assets of the Candy Club to the State. The trial court granted only the motion to dismiss of the executor, Rubenstein. The Candy Club remains as a party defendant.

■ This case is at the pleading stage and is before this court on appeal from an order granting the defendant executor's motion to dismiss. The purpose of pleadings is to present, define, and narrow the issues, to limit the proof needed at trial, and to inform the defendant and the court of the conduct for which the defendant is called upon to answer and the relief which the plaintiff desires. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 430 N.E.2d 1005; *Shaw v. Ortell* (1984), 137 Ill. App. 3d 60, 484 N.E.2d 780.) The statutes governing complaints require that pleadings be "liberally construed with a view to doing substantial justice between the parties." (Ill. Rev. Stat. 1983, ch. 100, sec. 2—603(c).) Where equitable relief is sought, "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." Ill. Rev. Stat. 1983, ch. 110, par. 2—612(b).

■■ With these principles in mind, we examine the State's argument that the trial court improperly dismissed its complaint. The State initially contends that its complaint contains sufficient facts to state a cause of action for an accounting against the executor. To sus-

tain an action for an accounting in equity, the complaint must allege the absence of an adequate remedy at law and one of the following: (1) a breach of a fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature. (*Couri v. Couri* (1982), 103 Ill. App. 3d 445, 431 N.E.2d 711, *rev'd on other grounds* (1983), 95 Ill. 2d 91, 447 N.E.2d 334; *Hornbeek v. Hornbeek* (1955), 5 Ill. App. 2d 253, 125 N.E.2d 535.) Although it is true, as defendant contends, that equitable remedies are denied when there is an adequate remedy at law, this court has recognized an exception in cases in which an accounting is sought based on a breach of a fiduciary duty. (*Mayr v. Chesman & Co.* (1915), 195 Ill. App. 587.) Under this exception an accounting may be ordered even though there is no showing made as to the adequacy of legal remedies and there is no duty on the plaintiff to plead their inadequacy. We also believe the complaint alleges sufficient facts to establish the additional elements of the existence of a fiduciary relationship and the need for discovery.

◼ The State's complaint alleged that Finzelber was a fiduciary of the Candy Club in that he "managed, operated, controlled, collected and distributed the Candy Club's money and funds." Defendant argues that this allegation is a conclusion which is not supported by facts. The cases relied on by defendant to support his position (*Leitch v. Hine* (1946), 393 Ill. 211, 66 N.E.2d 90; *Betts v. Department of Revenue* (1979), 78 Ill. App. 3d 102, 396 N.E.2d 1150) are inapposite to the case at bar as they involved allegations that were not merely conclusory but were contradicted by other allegations in the complaint or by surrounding circumstances evident to the trial court. In our opinion, the allegation in the instant complaint contains sufficient facts to adequately inform the defendant that the State intends to prove that Finzelber acted as the Candy Club's agent and fiduciary in collecting and distributing the Candy Club's income.

◼ The complaint sets forth the need for discovery in pleading that Finzelber was in possession of the records and accounts of the Candy Club at the time of his death which would reflect the amounts of funds he possessed which belonged to the Candy Club. Defendant does not allege any insufficiencies in this allegation, and we believe the allegation sets forth the need for discovery as an independent ground for an accounting action. (See *Lorsch v. Gibraltar Mutual Casualty Co.* (1970), 127 Ill. App. 2d 350, 262 N.E.2d 313.) Without access to the estate records through the discovery process, the amount of monies in the Finzelber estate would not be known nor what amounts represent Candy Club funds.

■■ ■ The State further argues that its complaint contains sufficient facts to justify the imposition of a constructive trust on the executor of the Finzelber estate. A constructive trust is a device used by chancery to compel one who unfairly holds property to convey the property to the party to whom it justly belongs. It may be invoked to prevent a person from unjustly enriching himself by keeping an advantage gained by abusing a fiduciary relationship. (*Ray v. Winter* (1977), 67 Ill. 2d 296, 367 N.E.2d 678; *A. T. Kearney, Inc. v. INCA International, Inc.* (1985), 132 Ill. App. 3d 655, 477 N.E.2d 1326.) Two essential elements of a constructive trust action are the existence of identifiable property to serve as the *res* upon which a trust can be imposed and possession of that *res* or its product by the person who is to be charged as the constructive trustee. (*A. T. Kearney, Inc. v. INCA International, Inc.* (1985), 132 Ill. App. 3d 655, 477 N.E.2d 1326; *Graham v. Mimms* (1982), 111 Ill. App. 3d 751, 444 N.E.2d 549.) Defendant argues in the case at bar that a constructive trust cannot be imposed because the complaint does not identify any specific property to serve as the trust *res* and that the funds to serve as the trust *res* cannot be traced to the constructive trustee.

■■ While we agree with defendant's argument that an action for a constructive trust should cite a *res* on which the trust is to be impressed, we would not require a plaintiff, at the pleading stage, to make detailed assertions as to where the money or property is to be found, provided that the complaint alleges that the money was misappropriated in some specific form. (*Connelly v. Estate of Dooley* (1981), 96 Ill. App. 3d 1077, 422 N.E.2d 143.) In the instant case, prior to discovery, it would not be possible to determine whether the original profits from the operation of the Candy Club remained segregated in an identifiable fund following the alleged misappropriation of the funds or if the estate is in possession of the funds. The State's complaint alleged that Finzelber misappropriated the Candy Club's assets and that the misappropriated assets are all to be found within his estate. The State could not specify either the amount or the precise whereabouts of the funds because they are unknown at the pleading stage. This information could only become known following discovery or an accounting. The trial court must accept as true, on a motion to dismiss, that the records and accounts in Finzelber's possession at the time of his death will enable the State to locate the monies more precisely within the estate. See *In re Estate of Franke* (1970), 124 Ill. App. 2d 24, 259 N.E.2d 841.

Accordingly, we find that the allegations as stated in the State's complaint are sufficient to state a cause of action for both an account-

ing and the imposition of a constructive trust. The complaint tells the defendant all he needs to know to understand and answer the prayer for relief as required by the rules which govern pleading. Ill. Rev. Stat. 1983, ch. 110, par. 2—612.

■ The defendants' remaining contention is that the Illinois Attorney General lacks standing to file an action against the executor of the Finzelber estate. The State responds that it became interested in the disposition of the estate assets through the operation of the liquidation provisions of the General Not for Profit Corporation Act (Act) (Ill. Rev. Stat. 1983, ch. 32, pars. 163a49, 163a54). The Act provides that if a not-for-profit corporation abuses its authority and fails to use the money it collects for its purposes, the corporation may be dissolved involuntarily by a court of equity upon a complaint filed by the Attorney General. (Ill. Rev. Stat. 1983, ch. 32, pars. 163a53, 163a54.) The Act further provides that the court will direct the distribution where no membership or plan of distribution exists. (Ill. Rev. Stat. 1983, ch. 32, par. 163a53.) In this case the State has alleged that the Candy Club is without a *bona fide* membership, that it obtained its franchise by fraud and that it exceeded its authority by distributing unlawful profits or engaging in *ultra vires* forms of business. From our reading of the General Not for Profit Corporation Act, if it is shown that the Finzelber estate is not entitled to possess the assets of the Candy Club, they will be distributed to charity or the State. Thus, the Attorney General, as the legal representative of the People of the State of Illinois (Ill. Rev. Stat. 1983, ch. 14, par. 4), has standing to pursue this action.

For the reasons stated, the judgment of the circuit court of Cook County granting defendant's motion to dismiss plaintiff's complaint is reversed and this matter is remanded for further proceedings.

Reversed and remanded.

QUINLAN, P.J., and BUCKLEY, J., concur.