**CUMIS INSURANCE SOCIETY, INC., Plaintiff,**

**v.**

**Gary A. PETERS, et al., Defendants.**

**No. 97 C 2424.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 18, 1997.

Daniel Keenan Ryan, Hinshaw & Culbertson, Chicago, IL, Michael Thomas Hepburn, Chicago, IL, for Plaintiff.

Nathan H. Lichtenstein, William J. Serritella, Jr., Aronberg, Goldgehn, Davis & Garmisa, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are three motions filed by defendants Gary A. Peters ("Peters"), Marvin Glanzrock ("Glanzrock"), and Guardian Collection Service, Inc. ("Guardian") (all three defendants collectively referred to as "defendants"). These three motions are defendants' (1) motion to dismiss plaintiff Cumis Insurance Society, Inc.'s ("Cumis") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) defendants' motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e); and (3) defendants' motion to strike immaterial statements contained in plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f). For the reasons that follow, the court (1) grants in part and denies in part defendants' Rule 12(b)(6) motion to dismiss; (2) denies defendants' Rule 12(e) motion for a more definite statement; and (3) grants in part and denies in part defendants' Rule 12(f) motion to strike immaterial statements.

## I. BACKGROUND

The complaint alleges the following facts which, for the purpose of ruling on defendants' Rule 12(b)(6) motion, are taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). Defendant Guardian is a collection agency. Defendants Peters and Glanzrock are the sole directors, officers, and shareholders of Guardian. Prior to the filing of this lawsuit, Cumis had been a client of Guardian for fifteen years. Pursuant to an agreement between Cumis and Guardian ("the agreement"), defendants would attempt to collect debts owed to Cumis by third parties. In return for their services, Cumis paid Guardian commissions.

The method for paying the commissions was that Guardian would deduct the commissions it had earned from the money that it had collected and then remit the balance to Cumis. The agreement required Guardian to send to Cumis quarterly remittance/accounting statements ("accounting statements") for each Cumis account on which money was collected. The accounting statement for each account was to state the total amount collected, the amount deducted by Guardian for its commissions, and the balance owed to Cumis. Along with each accounting statement, Guardian was to send a check payable to Cumis in the net amount collected on behalf of Cumis along with each accounting statement.

In approximately August of 1996, Cumis began to suspect that defendants had been wrongfully withholding money that was collected on behalf of and owed to Cumis. To determine if that was true, in approximately October of 1996, Cumis asked defendants to allow Cumis to conduct an audit of the collection records maintained by Guardian. Pursuant to that request, defendants granted Cumis access to some, but not all, of the documents and records related to the collection histories on Cumis accounts for the two prior years.

After examining the records and documents to which it was allowed access, Cumis determined that Guardian had wrongfully withheld from Cumis over $132,000. The money was withheld under a system devised by Peters and Glanzrock pursuant to which defendants would collect money owed to Cumis, would not disclose the collection to Cumis, and then would convert the money to their own personal accounts. In March of 1997, Cumis demanded defendants to turn over all funds wrongfully withheld. Defendants refused to return the money owed to Cumis.

In April of 1997, Cumis filed an eight-count complaint against defendants Peters, Glanzrock, and Guardian, alleging claims for fraud, conversion, civil conspiracy, wrongful receipt of fraud proceeds, RICO violations, breach of fiduciary duty, breach of contract,

and an accounting action. The court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332, as there exists complete diversity between the parties and the amount in controversy exceeds $75,000. The court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, as Cumis alleges violations of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962.

In response to Cumis' complaint, defendants have filed three motions. The court will address each of these motions in turn.

## II. *DISCUSSION*

### A. *Defendants' motion to dismiss counts I–VI and VIII*

#### 1. Standard for deciding a Rule 12(b)(6) motion to dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985).

#### 2. Count I—Fraud

Count I is a claim against all three defendants for fraud. Defendants have moved to dismiss Count I, making three arguments in support of their motion. The court will consider each of these arguments in turn.

#### a. Common law elements of fraud

■ First, defendants argue that Count I fails to allege sufficiently a claim for fraud. Under Illinois law,[1] the elements for common law fraud are:

(1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury.

*Siegel v. Levy Org. Dev. Co., Inc.,* 153 Ill.2d 534, 180 Ill.Dec. 300, 304, 607 N.E.2d 194, 198 (Ill.1992) (citing *Redarowicz v. Ohlendorf,* 92 Ill.2d 171, 65 Ill.Dec. 411, 441 N.E.2d 324 (1982)).

■ Defendants argue that Cumis cannot properly allege that it acted in reliance on any misrepresentations made by defendants. The gist of defendants' argument is that because Cumis was obligated under the agreement to send accounts to defendants, Cumis cannot allege that it sent accounts to Guardian in reliance on the alleged misrepresentations.

The fact that the parties allegedly had an agreement does not negate Cumis' allegation that it sent accounts to Guardian in reliance on Guardian's misrepresentations. For example, even if the agreement required Cumis to send accounts to Guardian, this does not necessarily mean that Cumis was required to send to Guardian all of the accounts that Cumis allegedly sent. Similarly, the agreement possibly might have provided that if one party breaches the agreement, the other

---

**1.** The parties apparently agree that Illinois law governs all of the state law claims in this case. Therefore, for the purpose of deciding this motion, the court will apply Illinois law.

party is not obligated to perform further under the agreement. Thus, the court cannot determine at this stage of the litigation that Cumis cannot properly allege that it relied on any misrepresentations made by Guardian.

### b. Economic losses

Defendants' second argument is that Cumis cannot state a claim for fraud because "it is axiomatic under Illinois law that a party may not recover in tort for what is essentially a breach of contract cause of action." (Defs.' Memo. in Support of Its Rule 12(b)(6) Mot. to Dismiss Counts I–VI and VIII of the Pl.'s Compl. (hereinafter "Defs.' Memo") at 3.) Defendants cite *Johnson v. George J. Ball, Inc.*, 248 Ill.App.3d 859, 187 Ill.Dec. 634, 617 N.E.2d 1355 (1993), and *Bankest Imports, Inc. v. ISCA Corp.*, 717 F.Supp. 1537 (S.D.Fla.1989), in support of their argument.

The cases that defendants cite do no support their argument. The main case on which defendants rely is *Johnson.* However, *Johnson* is simply not on point. In *Johnson,* the court was addressing the issue of whether the plaintiff could maintain separate causes of action for breach of contract and fraud in the inducement. *Johnson,* 187 Ill. Dec. at 640, 617 N.E.2d at 1361. The particular sentence on which defendants rely was *dicta* and cannot be taken out of context, as defendants have done here, to support their argument that Cumis cannot maintain both a breach of contract claim and a fraudulent misrepresentation claim.

Defendants also cite *Bankest Imports. Bankest Imports* explains that Florida law does not allow a party to bring a tort action to recover economic losses which resulted from the purchase of product or service unless there is a claim for personal injury or damage to property. *Bankest Imports,* 717 F.Supp. at 1540. Under Florida law, the plaintiff must bring a breach of contract action to recover such economic losses. *Id.*

■ *Bankest Imports,* however, addresses Florida law. Under Illinois law, a plaintiff can recover in tort for economic loss where the defendant has made intentional false representations. *Moorman Mfg. Co. v. National Tank Co.,* 91 Ill.2d 69, 61 Ill.Dec. 746, 755, 435 N.E.2d 443, 452 (1982); *Trans States Airlines v. Pratt & Whitney Can., Inc.,* 177 Ill.2d 21, 224 Ill.Dec. 484, 487, 682 N.E.2d 45, 48 (1997) (reiterating the well-established exception to the *Moorman* economic loss rule which allows a plaintiff to recover his economic losses in a tort action "where the plaintiff's damages are proximately caused by a defendant's intentional, false representation"). In this case, Cumis has alleged that defendants intentionally made false representations; therefore, pursuant to *Moorman* and its progeny, Cumis is not barred from bringing an action in tort to recover its economic losses.

### c. Federal Rule of Civil Procedure 9(b)

■ Defendants' third and final argument with regard to Cumis' fraud claim is that the court should dismiss the claim because it is not pled with the particularity required by Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). The Seventh Circuit has repeatedly instructed that Rule 9(b) requires the plaintiff to plead in detail the "who, what, when, where, and how" of the circumstances constituting the fraud. *E.g., DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990). That is, the plaintiff must plead in detail the "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *E.g., GE Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1082–83 (7th Cir.1997); *Vicom, Inc. v. Harbridge Merchant Servs. Inc.,* 20 F.3d 771, 777 (7th Cir.1994); *Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 924 (7th Cir.1992). Rule 9(b), however, does not require the plaintiff to plead facts which show that the representation was in fact false. *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992).

■ The three main purposes of Rule 9(b) are: "(1) protecting a defendant's reputation

from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim to the adverse party." *Vicom, Inc.,* 20 F.3d at 777. The court must keep these purposes in mind when determining the sufficiency of the complaint. *Fischer Indus. Inc. v. Medivance Instruments, Inc.,* No. 89 C 9082, 1992 WL 686866, at *5 (N.D.Ill. Aug.31, 1992).

In this case, Cumis has failed to plead fraud with the particularity required by Rule 9(b). First, it is unclear from the complaint what constitutes the alleged misrepresentations on which Cumis bases its fraud claim. Paragraph 19 alleges that defendants made "fraudulent ... representations and promises which included, but were not limited to" the alleged misrepresentations contained in the accounting statements and checks. Cumis, however, makes no attempt to specify what fraudulent representations and promises were made other than those allegedly contained in the accounting statements and checks. Further, as to the alleged misrepresentations contained in the accounting statements and checks, Cumis has failed to allege specifically which of the accounting statements and checks contained those misrepresentations. *See Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1018–20 (7th Cir.1992) (affirming the district court's dismissal of plaintiff's claim pursuant to Rule 9(b) because the complaint failed to identify the specific date on which the defendant sent the allegedly fraudulent invoices).

Accordingly, the court finds that Cumis has failed to allege its claim of fraud with the particularity required by Federal Rule of Civil Procedure 9(b). However, because the court believes that Cumis can amend its complaint to meet the requirements of Rule 9(b), the court dismisses Count I without prejudice.

### 3. Count II—Conversion

Count II is a claim against all defendants for conversion. Defendants argue that Cumis has failed to state a cause of action for conversion of a sum of money.

The subject of conversion must be an identifiable object of property. *In re*

*Thebus,* 108 Ill.2d 255, 91 Ill.Dec. 623, 625, 483 N.E.2d 1258, 1260 (1985). Generally, money is not recoverable under the tort of conversion; however, it may be if the sum of money is capable of being described as a specific chattel. *Id.; Sandy Creek Condo. Ass'n v. Stolt & Egner, Inc.,* 267 Ill.App.3d 291, 204 Ill.Dec. 709, 712, 642 N.E.2d 171, 174 (1994). However, an action for conversion will not lie for money represented by a general debt or obligation. *In re Thebus,* 91 Ill.Dec. at 626, 483 N.E.2d at 1261.

In *Thebus,* the Supreme Court of Illinois addressed the issue of when a plaintiff can bring a claim for conversion of a sum of money. In that case, the defendant allegedly withheld money from his employees' paychecks to pay their federal income taxes and then failed to pay that money to the Internal Revenue Service. *In re Thebus,* 91 Ill.Dec. at 624, 483 N.E.2d at 1259. The plaintiff brought a claim for conversion. The court held that the defendant had not converted the funds. *Id.* at 627, 483 N.E.2d at 1262. The court determined that amount of money withheld amounted to a debt to the government and not an identifiable fund capable of being the subject of a conversion. In making this determination, the court wrote:

> The [defendant] in our case did not maintain a separate bank account in which the taxes withheld and owed to the Internal Revenue Service were deposited. Likewise, he did not maintain a separate payroll account. Thus, respondent held no identifiable sum of money or fund for the Internal Revenue Service. The money owed to the government did not come into [defendant's] hands from any outside source. It was an amount that accrued with each pay period as the [defendant] wrote the payroll checks from his general checking account for the net amount of wages after taxes, retaining in his checking account the difference between the gross wages and the amount of the check.

*Id.*

Like the funds at issue in *Thebus,* the money at issue in this case is not a specifically identifiable fund. Like the fund in *Thebus,* in the present case, the sum of money

withheld accrued over a period of years. *See Sandy Creek Condo. Ass'n,* 204 Ill.Dec. at 713, 642 N.E.2d at 175; *cf. Roderick,* 218 Ill.Dec. 297, 668 N.E.2d at 1135 (finding that the fund was identifiable where the money was paid in one lump sum from one source). In addition, although the money came from an outside source, the money came from different sources and not just from one of Cumis' accounts. Also like in *Thebus,* there are no allegations in the complaint that defendants segregated the money from defendants' other money in any way or that the agreement required defendants to do so. *See, e.g., Rasmussen v. Sports Media Sales, Inc.,* 691 F.Supp. 153, 155 (N.D.Ill.1988) (finding that revenues collected by the defendant for the plaintiff did not constitute a specifically identifiable fund because the money was not segregated and the defendant was under no duty to do so).

In addition, like the relationship of the parties in *In re Thebus,* the relationship between the defendants and Cumis was one of debtor and creditor. Under Illinois law, "a debtor-creditor relationship is created when a party (creditor) transfers his property voluntarily to another (debtor)." *Roderick,* 218 Ill.Dec. at 303, 668 N.E.2d at 1135 (citing *GM Corp. v. Douglass,* 206 Ill.App.3d 881, 151 Ill.Dec. 822, 565 N.E.2d 93 (1990)); *see also Fonda v. General Casualty Co. of Ill.,* 279 Ill.App.3d 894, 216 Ill.Dec. 379, 665 N.E.2d 439 (1996). Cumis became a creditor of the defendants by allowing defendants to collect the debts for it. *See In re Thebus,* 91 Ill.Dec. at 626, 483 N.E.2d at 1261 (finding that the Internal Revenue Service became a creditor of the defendant by allowing the defendant to collect taxes for it); *cf. Roderick,* 218 Ill.Dec. at 303, 668 N.E.2d at 1135 (finding that the cases of *GM Corp. v. Douglass, In re Thebus,* and *Rasmussen* all involved debtor-creditor relationships).

Thus, considering all of the factors in this case, the court determines that Cumis has not alleged that there is a specifically identifiable fund which could be the subject of conversion. In this case, Cumis is seeking only a certain amount of money, not a specifically identifiable account or fund. *Horbach v. Kaczmarek,* 934 F.Supp. 981, 986 (N.D.Ill.

1996). Accordingly, the court dismisses Count II of the complaint. However, in case Cumis can somehow allege that there is a specifically identifiable fund as defined by Illinois case law, the court dismisses Count II without prejudice.

### 4. Count III—Civil Conspiracy

Count III is a claim against defendants Peters and Glanzrock for conspiracy to commit fraud and conversion. Defendants contend that Count III should be dismissed because Cumis has failed to allege sufficiently a claim for either fraud or conversion.

 The Illinois courts allow a plaintiff to bring a cause of action for civil conspiracy against an individual who has planned, assisted or encouraged another individual to commit a wrong against the plaintiff. *Adcock v. Brakegate, Ltd.,* 164 Ill.2d 54, 206 Ill.Dec. 636, 642, 645 N.E.2d 888, 894 (1994). To have a cause of action for civil conspiracy, an underlying wrong must exist. *See id.* Accordingly, to state a cause of action for civil conspiracy, the plaintiff must sufficiently allege that an underlying wrong existed. *Servpro Indus., Inc. v. Schmidt,* 905 F.Supp. 470, 474 (N.D.Ill.1995).

 In its complaint, Cumis alleges that Peters and Glanzrock conspired to commit fraud and conversion. (Compl.¶ 36.) As explained above, the complaint fails to state a claim for either fraud or conversion. Consequently, Cumis has also failed to state a claim against Peters and Glanzrock for conspiracy to commit fraud or conversion. *See Galinski v. Kessler,* 134 Ill.App.3d 602, 89 Ill.Dec. 433, 436, 480 N.E.2d 1176, 1179 (1985) (dismissing plaintiff's claim for conspiracy because the underlying acts did not constitute a tort). As with the other claims, however, Cumis might be able to amend its complaint to state a claim for civil conspiracy. Accordingly, the court dismisses Count III without prejudice.

### 5. Count IV—Wrongful Receipt of Fraud Proceeds

Count IV is a claim against Peters and Glanzrock for wrongful receipt of fraud proceeds. Defendants argue that the court

should dismiss Count IV because the Illinois courts do not recognize a cause of action for "wrongful receipt of fraud proceeds." Cumis argues that Illinois courts do recognize such a cause of action.

Under Illinois law, a person is liable for fraud if the person either knowingly participated in the fraud or knowingly accepted the fruits of the fraudulent conduct. *E.g., Terrell v. Childers,* 920 F.Supp. 854, 866 (N.D.Ill.1996); *Shacket v. Philko Aviation, Inc.,* 590 F.Supp. 664, 668 (N.D.Ill.1984); *Moore v. Pinkert,* 28 Ill.App.2d 320, 171 N.E.2d 73, 78 (1960). Thus, Cumis could bring a claim of fraud against defendants Peters and Glanzrock by alleging that defendants knowingly accepted proceeds from the fraudulent scheme, even if Cumis does not allege that Peters and Glanzrock participated personally in the fraud. However, this is not a distinct cause of action; rather, it is a theory pursuant to which Cumis would attempt to hold Peters and Glanzrock individually liable for the alleged fraud.

Count IV of the complaint is a claim for fraud against Peters and Glanzrock under the theory that the defendants knowingly accepted proceeds from the fraudulent scheme alleged. This claim is appropriately pled in the alternative to Count I, which alleges that Peters and Glanzrock personally participated in the fraud. That Cumis labeled the claim "Wrongful Receipt of Fraud Proceeds" is not grounds to dismiss the count. *See Shannon v. Shannon,* 965 F.2d 542, 552 (7th Cir.1992). However, as with Count I, Cumis has failed to allege the fraud claim with the particularity required under Federal Rule of Civil Procedure 9(b). Thus, the court dismisses Count IV without prejudice.

### 6. Count V—RICO Violation

Count V is a claim against Peters and Glanzrock for violations of the Racketeer Influenced and Corrupt Organization statute ("RICO"), 18 U.S.C. § 1962. Defendants have moved to dismiss the count, arguing that the complaint fails to allege (1) the mail and wire fraud claims underlying the RICO action with the particularity required by Federal Rule of Civil Procedure 9(b) and (2)

that defendants engaged in a pattern of racketeering activity.

 The predicate acts on which Cumis bases the RICO claim are mail and wire fraud. "Rule 9(b) applies to allegations of mail and wire fraud and by extension to RICO claims that rest on predicate acts of mail and wire fraud." *Jepson, Inc. v. Makita Corp.,* 34 F.3d 1321, 1327 (7th Cir.1994) (citations omitted). Accordingly, "loose reference to mailings and telephone calls" made in furtherance of a purported scheme will not do. *Id.* at 1328. The complaint must, within reason, allege "the time, place, and content of the mail and wire communications, and it must identify the parties to the communications." *Id.*

 As with Count I, Count V fails to allege the mail and wire fraud with the particularity required by Rule 9(b). As to the mail fraud claim, the complaint alleges that "Peters and Glanzrock placed or caused to be placed in post offices and authorized depositories for mail various fraudulent documents, including false remittance/accounting statements ... [and] fraudulent checks." (Compl.¶ 51(a).) The complaint, however, does not specify of what documents the alleged "fraudulent documents" consist. Further, as to the alleged fraudulent accounting statements and checks, the complaint fails to allege specifically which of the accounting statements and checks were fraudulent.

As to the wire fraud claim, the complaint alleges that, on a regular basis, "Peters and Glanzrock each placed telephone calls from Guardian in Chicago, Illinois, in which they misrepresented the amounts of money actually collected on behalf of CUMIS." (Compl.¶ 51(b).) Such a general allegation is insufficient to satisfy the requirements of Rule 9(b). For example, Cumis has made no effort to identify how many telephone calls were allegedly made, the parties to the alleged telephone calls, or the date on which the alleged telephone calls took place. As with the mail fraud allegations, the wire fraud allegations fail to meet the requirements of Rule 9(b) and, thus, Count V is dismissed without prejudice.

Defendants have also argued that the complaint fails to show that defendants engaged in a pattern of racketeering activity, a requisite element to Cumis' RICO claim. The court need not address this argument because the court has already determined that Count V should be dismissed. Further, because Cumis has failed to allege with sufficient particularity the predicate acts of mail and wire fraud on which the RICO claim is based, the court cannot make a meaningful determination of whether a pattern of racketeering activity existed in this case.

At this point, however, for the parties' benefit, the court feels compelled to comment on this issue. Cumis has attempted to base its RICO claim on predicate acts which involve one victim, one overall scheme, and only two types of predicate acts, mail and wire fraud. Notwithstanding these facts, Cumis has argued that defendants have engaged in a pattern of racketeering activity because each of the accounting statements and checks inflicted a separate economic injury on Cumis. However, this court agrees with the court in *Maryland Staffing Services, Inc.* that "[t]here appears to be a divergence in authority within the Seventh Circuit as to whether each alleged overcharge constitutes a separate and distinct injury." *Maryland Staffing Servs., Inc. v. Manpower, Inc.*, 936 F.Supp. 1494, 1502 (E.D.Wis.1996). Further, this court believes that identical injuries suffered over the course of years stemming from a single contract are "not the type of injuries which Congress intended to compensate via the civil provisions of RICO." *Id.* (citing *Vicom*, 20 F.3d at 782). Cumis should consider the long line of Seventh Circuit cases discussing the requirement that defendants must have engaged in a pattern of racketeering activity, especially those post-dating *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), before attempting to re-plead a RICO count.

### 7. Count VI—Breach of Fiduciary Duty

Count VI is a claim against Guardian for breach of fiduciary duty. Defendants argue that Count VI should be dismissed because Cumis has failed to allege facts that establish that Guardian owed a fiduciary duty to Cumis.

In Illinois, certain relationships are considered fiduciary relationships as a matter of law. *Peterson v. H & R Block Tax Servs., Inc.*, 971 F.Supp. 1204, 1212 (N.D.Ill. 1997). One such relationship is that of principal and agent. *Id.* at 1213 (citing *Kurtz v. Solomon*, 275 Ill.App.3d 643, 212 Ill.Dec. 31, 37, 656 N.E.2d 184, 190 (1995)). To determine whether an agency relationship exists, the court must consider two factors: (1) whether the principal has the right to control the manner and method in which agent performs his services and (2) whether the agent has the power to subject the principal to personal liability. *Knapp v. Hill*, 276 Ill. App.3d 376, 212 Ill.Dec. 723, 726, 657 N.E.2d 1068, 1071 (1995); *Peterson*, 971 F.Supp. at 1213. While the existence and extent of the agency relationship is a question of fact, the plaintiff must sufficiently allege that an agency relationship existed in order for his complaint to survive a Rule 12(b)(6) motion to dismiss. *Denyse Grode v. Lakeside Furniture Co.*, No. 82 C 5752, 1985 WL 2486, at *2 (N.D.Ill. Sept.6, 1985).

In the present case, the complaint has sufficiently alleged that an agency relationship existed between the parties. The complaint alleges that Cumis and Guardian had an agreement, pursuant to which Guardian was responsible for collecting money and asserting claims on behalf of Cumis. (Compl.¶ 9, 59.) The power to perform such collection services was bestowed upon Guardian by Cumis. (Compl.¶ 9.) The complaint also alleges that Guardian was required to account fully to Cumis for the money collected. (Compl.¶¶ 9, 11, 59.) These allegations are sufficient to plead the existence of an agency relationship.

It is true, as defendants note, that parties to a contract do not owe a fiduciary duty to one another solely by virtue of the contract. *Oil Express Nat'l, Inc. v. Burgstone*, 958 F.Supp. 366, 370 (N.D.Ill.1997). It is also true that the fact that one party trusts another is insufficient to create a fiduciary relationship. *Peterson*, 971 F.Supp. at 1212. However, Cumis has alleged more than a

mere contract or simple trust. Cumis has alleged that it had some control over Guardian's performance of its collection services. Thus, for the purposes of this Rule 12(b)(6) motion to dismiss, the complaint sufficiently alleges that an agency, and therefore fiduciary, relationship existed. Whether such a relationship in fact existed is a matter to be determined later.

### 8. Count VIII—Accounting

Count VIII is a claim for an accounting action. Defendants argue that Count VIII should be dismissed because Cumis has not alleged the necessary elements to state a claim for an accounting.

To state a claim for an action for accounting, the plaintiff must allege the absence of an adequate remedy at law. *Mann v. Kemper Fin. Cos.*, 247 Ill.App.3d 966, 187 Ill.Dec. 726, 736, 618 N.E.2d 317, 327 (1992) (citing *People ex rel. Hartigan v. Candy Club,* 149 Ill.App.3d 498, 103 Ill.Dec. 167, 169, 501 N.E.2d 188, 190 (1986)). In addition, the plaintiff must allege one or more of the following: " '(1) a breach of a fiduciary relationship; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature.' " *Id.*

In the present case, the complaint sufficiently alleges that there is an inadequate legal remedy. An adequate legal remedy is one that is "clear, complete, and as practical and efficient as the equitable remedy." *Tamalunis v. City of Georgetown,* 185 Ill.App.3d 173, 134 Ill.Dec. 223, 234, 542 N.E.2d 402, 413 (1989). A legal remedy may not be adequate where damages would be speculative because the amount of damage is difficult or impossible to measure. *Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579, 584–85, 72 S.Ct. 863, 865–66, 96 L.Ed. 1153 (1952).

Paragraph 77 alleges that "Cumis does not have an adequate legal remedy." The complaint also alleges that defendants are in exclusive control of the records that Cumis needs to determine the amount of money which defendants have withheld over the last fifteen years. (Compl.¶¶ 73–77). Without the ability to inspect such records,

Cumis is unable to determine the amount of money that defendants have withheld over the fifteen-year period at issue. (Compl.¶ 76.) Thus, without an accounting, the amount of damages defendants owe to Cumis would be difficult, if not impossible, to calculate.

Defendants argue that Cumis' claim for $132,000 shows that there is an adequate legal remedy. The $132,000 figure, however, represents only the amount of money that Cumis has been able to determine that defendants have wrongfully withheld over a specific two-year period. (Compl.¶ 14.) According to Cumis, Guardian has refused to allow Cumis to examine all of the accounting records and other documents relating to the collection histories on Cumis accounts for the entire fifteen-year period of the agreement. (Compl.¶ 13.) Cumis alleges that it needs access to these records, which are in defendants' exclusive control, in order to determine exactly how much money defendants have wrongfully withheld over the entire fifteen-year period at issue. (Compl.¶¶ 73–77.) Thus, Cumis' claim for $132,000 does not show that Cumis has an adequate legal remedy.

Cumis has also alleged both (1) a breach of fiduciary duty and (2) a need for discovery. As previously discussed, Cumis has sufficiently alleged a breach of fiduciary duty. Also, as an independent grounds for an accounting action, the complaint has set forth a need for discovery. Specifically, the complaint alleges that defendants are in possession of the accounting records and other documents which Cumis needs to examine in order to determine how much money defendants have wrongfully withheld over the fifteen-year period at issue. *See Candy Club,* 103 Ill.Dec. at 169, 501 N.E.2d at 190.

Thus, the court finds that Cumis has stated a claim for an action for accounting by alleging both an inadequate legal remedy and both (1) a breach of fiduciary duty and (2) a need for discovery. Accordingly, the court denies defendants' motion to dismiss Count VIII.

## B. *Defendants' motion for a more definite statement of Count VII*

Defendants have filed a motion for a more definite statement of Count VII pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) allows for a more definite statement where the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). Motions for a more definite statement are generally disfavored. *Guess?, Inc. v. Chang*, 912 F.Supp. 372, 381 (N.D.Ill.1995). "In a contract dispute, a more definite statement is required when 'defendants can only guess to what conduct and contract(s) [an] allegation refers.'" *Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc.*, 882 F.Supp. 713, 726 (N.D.Ill. 1995).

In the present case, Cumis has alleged that the parties entered an agreement that was in effect from 1982 to 1997 when it was terminated by Cumis. (Compl.¶¶ 9, 65.) Cumis alleges that the terms of the agreement required Guardian to collect debts owed to Cumis, to send quarterly accounting statements to Cumis, and to remit to Cumis all money collected on its behalf net of the agreed commissions. (Compl.¶¶ 9, 10, 11, 66.) The complaint then alleges that Guardian failed to provide Cumis with a proper accounting of money collected on Cumis' behalf by purposefully not disclosing the full amount of money that was collected. (Compl.¶¶ 15, 68.) Cumis then failed to remit to Cumis the appropriate amount of money. (Compl.¶ 68.) The court finds that these allegations are sufficient to provide defendants with notice of the relevant agreement, the basic terms thereof, and the parties thereto. *See Khalid Bin Talal v. E.F. Hutton & Co.*, 720 F.Supp. 671, 685 (N.D.Ill. 1989).

Defendants claim that "without knowing what Cumis believes the appropriate commission structure under the Agreement to be, Guardian cannot possibly determine how much of the collected funds Cumis was entitled to receive from Guardian." (Defs.' Mot. for More Definite Statement at 2.) The essence of Cumis' breach of contract claim, however, is not that Guardian deducted commissions from the checks at the wrong rate; rather, the essence of the claim is that Guardian did not disclose the full amount of money collected on Cumis accounts. (Compl.¶ 15.) Thus, Cumis was not required to allege the commission structure in order to put defendants on notice of the conduct of which Cumis complains. Further information about Cumis' claim can be sought during the discovery process. *See United States ex rel. Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F.Supp. 298, 302 (N.D.Ill. 1987) (explaining that Rule 12(e) motions are not a substitute for discovery). Accordingly, the court denies defendants' Rule 12(e) motion for a more definite statement.

## C. *Defendants' motion to strike immaterial statements contained in Cumis' complaint*

Defendants have filed a motion to strike the second sentence in paragraph 8 and paragraphs 62 and 69 pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED.R.CIV.P. 12(f). Motions to strike, however, are disfavored and will usually be denied. *Tatum v. Davis*, No. 95 C 1341, 1996 WL 388405, at *1 (N.D.Ill. July 9, 1996).

In order for the court to grant the motion, the movant must show that "the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration" and that the allegations are unduly prejudicial. *Trustmark Life Ins. Co. v. University of Chicago Hosps.*, No. 94 C 4692, 1996 WL 68009, at *1 (N.D.Ill. Feb.14, 1996). Prejudice results where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *VPHI, Inc. v. National Educ. Training Group, Inc.*, No. 94 C 5559, 1995 WL 51405, at *3 (N.D.Ill. Jan.20, 1995).

First, defendants ask the court to strike the second sentence in paragraph 8 which alleges that "Guardian is the alter ego

of Peters and Glanzrock." Defendants argue that the allegation (1) is unrelated to the litigation because Cumis has failed to state a cause of action for piercing the corporate veil and (2) is prejudicial to Peters and Glanzrock because it is the basis upon which Cumis seeks to hold those defendants individually liable.

The court agrees that the challenged allegation should be stricken. First, the court finds that the complaint fails to state a cause of action for piercing the corporate veil. *See, e.g., Bright v. Roadway Servs., Inc.,* 846 F.Supp. 693, 700 (N.D.Ill.1994). In addition, to the extent that the allegation is included to provide information as to how Peters and Glanzrock were able to participate individually in the alleged misconduct, the challenged allegation is redundant of the first sentence of paragraph 8. Finally, the allegation is prejudicial to the extent that it may confuse the issue of Peters' and Glanzrock's individual liability for the alleged misconduct. Therefore, the court orders that the second sentence of paragraph 8 be stricken.

Defendants ask the court to strike paragraph 62, arguing that the allegations in paragraph 62 are not related to the litigation. The allegations in paragraph 62 relate to the conduct which Cumis contends constituted a breach of the fiduciary duty that Guardian owed to Cumis. Defendants have failed to show how the allegations are unduly prejudicial. Therefore, the court denies defendants' motion to strike paragraph 62.

Finally, defendants challenge the allegations in paragraph 69, arguing that the allegations are immaterial. As with paragraph 62, however, defendants have failed to show how the allegations in paragraph 69 are so unduly prejudicial as to warrant judicial action. Therefore, the court denies defendants' motion to strike paragraph 69.

### III. *CONCLUSION*

For the foregoing reasons, the court (1) grants in part and denies in part defendants' motion to dismiss Cumis' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) denies defendants' motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e); and (3) grants in part and denies in part defendants' motion to strike certain allegations pursuant to Federal

Rule of Civil Procedure 12(f). Accordingly, the court enters the following orders:

1. The court grants defendants' Rule 12(b)(6) motion to dismiss Counts I, II, III, IV, and V and dismisses Counts I, II, III, IV, and V without prejudice.

2. The court denies defendants' Rule 12(b)(6) motion to dismiss Count VI and VIII.

3. The court denies defendants' Rule 12(e) motion for a more definite statement of Count VII.

4. The court grants defendants' Rule 12(f) motion to strike the allegation that "Guardian is the alter ego of Peters and Glanzrock" and orders that the allegation be stricken from paragraph 8.

5. The court denies defendants' Rule 12(f) motion to strike paragraphs 62 and 69.

6. The court grants plaintiff leave until December 8, 1997, to file an amended complaint. Defendants are given until December 22, 1997, to answer or otherwise plead to the amended complaint.