# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 02-3551 & 02-3665

ABM MARKING, INC.,

*Plaintiff-Appellant*,

v.

ZANASI FRATELLI, S.R.L. and MARCODE INC.,

*Defendants-Appellees.*

———————

Appeals from the United States District Court
for the Southern District of Illinois.
No. 97 C 863—**David R. Herndon**, *Judge.*

———————

ARGUED OCTOBER 28, 2003—DECIDED DECEMBER 23, 2003

———————

Before BAUER, POSNER and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* This procedurally complicated case revolves around a contract entered into by appellant ABM Marking, Inc. ("ABM") and appellee Zanasi Fratelli ("Zanasi") for the sale of ink-jet printers and ink. In the spring of 1993, ABM and Zanasi entered into an oral distributorship agreement whereby Zanasi, an Italian corporation, would sell its printers to ABM, an American corporation, and ABM would sell its ink to Zanasi. As part of the agreement, Zanasi agreed to sell its printers to ABM at a 30% discount, and ABM agreed to pay Zanasi a royalty of $1.00 per gallon of ink used in Zanasi printers sold by

ABM. A final element of the agreement was that debts owed to each other would be offset prior to any payment. This arrangement continued for approximately four years; during this time Zanasi ordered more than $240,000 worth of ink, and ABM bought $160,000 worth of Zanasi printers. ABM sold ink both directly and indirectly to the end users of the printers. In October of 1997, when Zanasi failed to pay for ink it had ordered, ABM filed suit against Zanasi, for, among other things, breach of contract; Zanasi filed counterclaims.

The case went to trial in 2000. The jury was instructed on ABM's claims and Zanasi's counterclaims. In rendering its verdict, the jury found for *both* the plaintiff and the defendant, a result the district court found to be legally incompatible given the instructions. For this reason, the district court judge granted Zanasi's motion for a new trial. In the second trial, the jury returned a special verdict, finding that Zanasi owed ABM $23,000 for ink shipped, but that ABM breached the contract first by failing to pay royalties. In a separate action, the district court determined that Zanasi was entitled to an accounting by ABM of the royalties due on the ink.

ABM disagrees with these various results for various reasons.

## DISCUSSION

### A.  New Trial

ABM first takes issue with the decision by the district court ordering a new trial. We review decisions to grant new trials for abuse of discretion. *United States v. Bishawi*, 272 F.3d 458, 461 (7th Cir. 2001). We will reverse only if no reasonable person could agree with the district court. *United States v. Henderson*, 337 F.3d 914, 918 (7th Cir. 2003). The district court's grant of a new trial is governed by the parameters of Rule 59(a) of the Federal Rules of Civil

Procedure. Rule 59(a), in a bit of a circular way, allows new trials in cases where new trials have been traditionally allowed at law.[1] Luckily, for clarity's sake, we have previously held that one situation calling for a new trial is when "a jury returns a factually inconsistent general verdict." *Turyna v. Martam Constr. Co.*, 83 F.3d 178, 181 (7th Cir. 1996). This was what happened at the first trial.

In the first trial, the jury returned verdicts favoring ABM's claims and Zanasi's counterclaims. Specifically, the jury found for ABM on Count I (claim for money owed by Zanasi for ink) in the amount of $18,240; and for ABM on Count IX (claim for breach of contract) in the amount of $137,000. The jury found for Zanasi on Count I of the counterclaim (claim for breach of contract) and ordered ABM to account for the ink royalties and pay Zanasi that amount. Following the verdict, Zanasi moved for a new trial contending that the jury verdicts were inconsistent; ABM disagreed.

As part of the instructions, the jury was told:

> If you find from your consideration of all the evidence that each of these propositions required of the plaintiff has been proved and that none of the defendant's affirmative defenses has been proved then your verdict should be for the plaintiff. If, on the other hand, you find . . . that any one of the defendant's affirmative

---

[1]  Rule 59. New Trials; Amendment of Judgments

(a) Grounds. A new trial may be granted to all or any of the parties on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . .

FED. R. CIV. P. 59(a).

> defenses has been proved, then your verdict should be for the defendant.

*ABM Marking, Inc. v. Zanasi Fratelli, S.r.l.*, No. 97-CV-0863-DRH, slip op. at 6 (S.D. Ill. Nov. 9, 2000). Given these instructions, it is clear that if the jury found for the plaintiff on its claims, it could not simultaneously find for the defendant on the counterclaims. To further illustrate the inconsistency, in arriving at its verdict on Count IX, the jury found that the "plaintiff substantially performed all obligations required of it under the contract." *Id.* This is in direct contradiction to the jury's finding on Count I of the counterclaim that ABM breached the contract by failing to pay royalties on the ink.

ABM argues that the verdicts are not inconsistent because the jury could have found that ABM's breach of the contract was not "material." ABM believes that the amount of ink royalties due was insignificant when compared to the total contract value. The district court considered this argument, but ultimately decided against ABM. We have previously stated that whether a breach is material "is a complicated question of fact, involving an inquiry into such matters as whether the breach worked to defeat the bargained-for objective of the parties . . . ." *Sahadi v. Cont'l Illinois Nat. Bank and Trust Co. of Chicago*, 706 F.2d 193, 196 (7th Cir. 1983). In its reasoning, the district court noted that the contract between ABM and Zanasi had very few provisions, but that the payment of royalties was one major provision. The court also determined that the amount of royalties due was substantial. Our review is for abuse of discretion, a highly deferential standard, and we believe the evidence presented at trial could support the district court's conclusion that ABM's breach was material and the verdicts were inconsistent.

### B.  Amount of Royalties

Next, ABM asserts that the district court's determination of ink royalties due after the second trial was improper. ABM's argument is twofold: first, the trial court should not have awarded an accounting, and second, the trial court's determination of royalties was erroneous.

In the second trial, the issue of accounting was severed from the other issues considered by the jury. The judge determined the merits of the claim and found that Zanasi was entitled to an accounting, an equitable remedy. Once more we review the district court's granting of an equitable remedy for abuse of discretion. *E.E.O.C. v. Laborers' Int'l Union of N. Am., AFL-CIO, Local 100*, 49 F.3d 304, 307 (7th Cir. 1995). In addition to this deferential review, we also note that the district court has "broad discretion" in deciding wether an accounting is appropriate. *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985).

An accounting is appropriate if a legal remedy would be inadequate. *Mann v. Kemper Fin. Cos.*, 618 N.E.2d 317, 327 (Ill. App. Ct. 1992). Additionally, there must be present a "(1) breach of a fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." *Id.* (quoting *People* ex rel. *Hartigan v. Candy Club*, 501 N.E.2d 188, 190 (Ill. App. Ct. 1986)). In this case, the district court found that there was no adequate legal remedy available because ABM failed to keep records of the royalties owed. The evidence at trial reveals a disturbing disparity between estimates of the royalties owed and an absence of solid evidence of the actual amount.[2] Additionally, the district court found that by failing to keep accurate records of

---

[2] ABM claims the royalties totaled approximately $138.00, whereas Zanasi approximates royalties owed at $16,000.00. (Br. for Appellant at 7 and 21.)

royalties, ABM engaged in fraud. Given the lack of definite evidence and the fact that the lack of evidence is due to ABM's poor record-keeping, we agree with the district court and find that the court did not abuse its discretion in allowing for an accounting.

The district court determined the ink royalties to be $16,000. It based its determination on a formula presented at trial by one of ABM's own witnesses. ABM argues that the formula was misapplied, because they sold fewer gallons of ink than assumed. The district court was within its discretion in finding that ABM's assertion of the amount of ink sold lacked credibility. In sum, we determine that the estimate that ink royalties were $16,000 was supported by the evidence.

### C. Costs

Because we affirm the district court's award of royalties, the additional award of costs pursuant to Federal Rule of Civil Procedure 54(d) is appropriate.

### D. ABM's Post-Trial Motion

Lastly, ABM complains that the district court should not have denied its motions for a new trial following the second trial. As we noted above, motions for a new trial are reviewed for abuse of discretion. *Bishawi*, 272 F.3d at 461. A party seeking to reverse a district court's denial of a motion for a new trial bears a "particularly heavy burden." *Lowe v. Consol. Freightways of Del., Inc.*, 177 F.3d 640, 641 (7th Cir. 1999). A motion for a new trial should succeed "only if the verdict is against the manifest weight of the evidence." *Id.*

Here, ABM argues that the jury verdicts are contrary to the evidence because ABM could not have breached the

contract so long as Zanasi owed ABM more money than ABM owed Zanasi. ABM cites the offset provision in the contract to support this, arguing that under the contract ABM's debt for the royalties was automatically offset by Zanasi's debt for ink. However, under the contract, regardless of who owed what money, ABM had a duty to keep track of the royalties owed on ink sold to purchasers of the Zanasi printers. ABM made no effort to do this during the life of the contract. Because this is a reasonable interpretation of the evidence, we find that the district court did not err in denying the motion.

For all the above reasons, we AFFIRM.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*